**Robert Doyle JEFFERY, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 06–04–00098–CR.**

Court of Appeals of Texas, Texarkana.

Submitted May 30, 2005.

Decided July 15, 2005.

Eddie Northcutt, Sulphur Springs, for appellant.

Christopher Parker, Asst. Dist. Atty., Sulphur Springs, for appellee.

Before MORRISS, C.J., ROSS and CARTER, JJ.

## OPINION

Opinion by Chief Justice MORRISS.

Based on a prior "controlled buy" of crack cocaine by a covert witness from Robert Doyle Jeffrey, the Delta County Sheriff's Office obtained a search warrant to search Jeffrey's residence for controlled substances. In executing the warrant, the deputies knocked three times on the front door, announced their presence and their intent to execute the warrant, immediately heard someone running inside the residence, and entered the residence after waiting approximately five seconds. Inside Jeffrey's bedroom, the deputies discovered several rocks of crack cocaine in a pill bottle, a crack pipe, an electronic scale, a balance beam scale, and a ledger listing names and figures. After a jury trial and a conviction on charges of possession of a controlled substance with intent to deliver, Jeffrey was sentenced to thirty years' imprisonment.

There are two major issues raised on appeal: whether the short delay between deputies' "knock and announce" at the residence and the deputies' entrance into the residence was justified in light of the constitutional "knock and announce" requirement, and whether the State introduced insufficient evidence to corroborate the testimony of the covert witness. We affirm because we hold (1) the trial court did not abuse its discretion in denying the motion to suppress based on the alleged failure to "knock and announce" properly, and (2) the State introduced evidence to sufficiently corroborate the covert witness.

*(1) The Trial Court Did Not Err in Denying the Motion To Suppress*

Jeffrey argues, in his first point of error, that the State failed to establish that, when deputies executed the search warrant, they satisfied the "knock and an-

nounce" requirement.[1] Jeffrey contends the approximately five second delay, between when the deputies knocked on the door and announced their presence and when the deputies entered the residence, is insufficient to satisfy the "knock and announce" requirement. Jeffrey also argues the State failed to prove an exception to the "knock and announce" requirement. We disagree.

A trial court's decision to grant or deny a motion to suppress is reviewed under an abuse of discretion standard. *Balentine v. State*, 71 S.W.3d 763, 768 (Tex.Crim.App.2002); *Villarreal v. State*, 935 S.W.2d 134, 138 (Tex.Crim.App.1996). The general rule is that an appellate court should afford almost total deference to a trial court's determination of the historical facts supported by the record, especially when the trial court's fact findings are based on an evaluation of credibility and demeanor. *Villarreal*, 935 S.W.2d at 138. At a suppression hearing, the trial court is the exclusive trier of fact and judge of the credibility of the witnesses. *Guzman v. State*, 955 S.W.2d 85, 89 (Tex.Crim.App. 1997). We are also to afford such deference to a trial court's ruling on "application of law to fact questions," also known as "mixed questions of law and fact," if the resolution of those questions turns on an evaluation of credibility and demeanor. *Villarreal*, 935 S.W.2d at 138. We review de novo those questions not turning on credibility and demeanor. *Id.*

Both the Fourth Amendment to the United States Constitution and Article I, Section 9 of the Texas Constitution guarantee the right of the people to be secure against unreasonable searches of their persons, houses, papers, and effects.[2]

1. The State argues that Jeffrey waived any issue concerning failure to "knock and announce." According to the State, Jeffrey failed to establish a prima facie case at trial that an unannounced entry occurred. The State contends that Jeffrey failed to argue to the trial court that the police failed to knock and announce. We believe that Jeffrey's argument at trial is consistent with his argument on appeal. Jeffrey argued, at the trial level and on appeal, that the delay between the announcement and the forced entry was insufficient, making the search unreasonable. The State cites several Fifth Circuit opinions for the proposition that the defendant has the initial burden of proof to present a prima facie case. *See United States v. Posada–Rios*, 158 F.3d 832, 868 (5th Cir.1998); *United States v. Moser*, 123 F.3d 813, 823 (5th Cir. 1997); *United States v. Fike*, 82 F.3d 1315, 1323 (5th Cir.1996), *overruled on other grounds, United States v. Brown*, 161 F.3d 256 (5th Cir.1998). Although Fifth Circuit opinions, or those of any other federal or state court, may be relied on as persuasive authority, we are obligated to follow only higher Texas courts and the United States Supreme Court. *See Penrod Drilling Corp. v. Williams*, 868 S.W.2d 294, 296 (Tex.1993); *Thomas v. Miller*, 906 S.W.2d 260, 262 (Tex.App.-Texar-

kana 1995, no pet.); *Barstow v. State*, 742 S.W.2d 495, 500–01 & n. 2 (Tex.App.-Austin 1987, pet. denied). In addition, the defense did present a prima facie case that the announcement was not sufficient. During trial, the trial court held a suppression hearing outside the presence of the jury for the limited purpose of determining whether the deputies complied with the knock and announce requirement. Several officers testified concerning the entry. These officers established that only four or five seconds elapsed between the announcement and the forced entry. Even if the defense is required to present a prima facie case, Jeffrey met this requirement. Once the defense has established a prima facie case, if required, the State has the ultimate burden to show exigent circumstances justified the entry. *See Ballard v. State*, 104 S.W.3d 372, 376 (Tex.App.-Beaumont 2003, pet. ref'd).

2. Though Jeffrey contends the entry violated both the Fourth Amendment and the Texas Constitution, he briefed only the allegation that the entry violated the Fourth Amendment. Since there is no indication that the Texas Constitution imposes a more stringent standard than the Fourth Amendment, we have confined our analysis to the Fourth Amendment of the United States Constitution.

U.S. CONST. amend. IV; TEX. CONST. art. I, § 9. Under certain circumstances, the failure of police to knock and announce their presence and purpose before executing a search warrant may make the search unreasonable. *Wilson v. Arkansas,* 514 U.S. 927, 934, 115 S.Ct. 1914, 131 L.Ed.2d 976 (1995). Police may dispense with the "knock and announce" requirement if they "have a reasonable suspicion that knocking and announcing their presence, under the particular circumstances, would be dangerous or futile, or ... would inhibit the effective investigation of the crime by, for example, allowing the destruction of evidence."[3] *Richards v. Wisconsin,* 520 U.S. 385, 394, 117 S.Ct. 1416, 137 L.Ed.2d 615 (1997). Even if a warrant does not expressly authorize a "no-knock" entry, police may enter without an announcement if circumstances support a reasonable suspicion of exigency. *Id.* at 392–94, 117 S.Ct. 1416.

■ We agree with the Eastland Court of Appeals that a short delay between the announcement and the forced entry does not make the search unreasonable as a matter of law. *See Stokes v. State,* 978 S.W.2d 674, 676 (Tex.App.-Eastland 1998, pet. ref'd) ("two second" delay between the announcement and the forced entry does not make the search unreasonable "as a matter of law"). The United States Supreme Court, rejecting "bright-line" time guidelines for how long a police officer must wait before forcible entry, has held that the same criteria for dispensing with a knock and announcement "bear on when the officers can legitimately enter after knocking." *United States v. Banks,* 540 U.S. 31, 35, 124 S.Ct. 521, 157 L.Ed.2d 343 (2003); *see Flores v. State,* —— S.W.3d ——, ——, No. 01–03–00910–CR, 2005 WL 20532, *3 n. 5, 2005 Tex.App. LEXIS 68, at *9 n. 5 (Tex.App.-Houston [1st Dist.] Jan. 6, 2005, no pet.) (not designated for publication). In *Banks,* the United States Supreme Court found that entry was reasonable fifteen to twenty seconds after the announcement because the officers could reasonably expect destruction of the evidence if they delayed longer. *Banks,* 540 U.S. at 40, 124 S.Ct. 521. The United States Supreme Court held that the exigency had matured after fifteen to twenty seconds and entry was reasonable. *Id.* Therefore, if a reasonable suspicion of exigency had matured by the time the deputies entered Jeffrey's residence, the entry was not unreasonable.

■ The burden of proof is on the State to justify dispensing with the "knock and announce" requirement by showing exigent circumstances. *Ballard,* 104 S.W.3d at 376. We evaluate whether the execution of a warrant was reasonable on a case-by-case basis and consider the "totality of the circumstances." *Banks,* 540 U.S. at 35–36, 124 S.Ct. 521. The reasonableness of the forced entry is judged by the facts known to the officer at the time of entry. *Id.* at 39, 124 S.Ct. 521 (citing *Graham v. Connor,* 490 U.S. 386, 396, 109 S.Ct. 1865, 104 L.Ed.2d 443 (1989)). The mere assumption that those in possession of controlled substances are normally also in possession of firearms is insufficient as a matter of law to relieve the authorities of their historical duty to knock and announce their presence. *Price v. State,* 93 S.W.3d 358, 367 (Tex.App.-Houston [14th Dist.] 2002, pet. ref'd).

The State presented sufficient evidence of exigent circumstances in this case. Deputy John Plemons testified he knocked

---

**3.** The State does not contend on appeal that the search warrant in question authorized a no-knock entry.

three times on the front door, announced his presence and his intent to execute the warrant, and entered after approximately five seconds. On cross-examination, Plemons admitted it may have only been four or four and a half seconds. Plemons testified he immediately heard the sound of running when he commenced knocking. Sheriff Mark Bassham, who was at the side of the house, testified he heard the announcement. The burden to justify a "no-knock" entry "is not high." *Ballard*, 104 S.W.3d at 375–76. Although the deputies in this case entered more quickly than the officers in *Banks*, they had heard the sound of someone running inside. As the United States Supreme Court noted in *Banks*, drugs can be disposed of in a relatively short period of time. *Banks*, 540 U.S. at 40, 124 S.Ct. 521. The approximately five second wait, combined with the sound, coming from inside the house, of someone running in reaction to the knocking, provided the deputies with specific articulable facts creating reasonable suspicion that further delay would result in the suspects fleeing the scene or destroying evidence. Under the totality of the circumstances, the trial court did not abuse its discretion in determining that a reasonable suspicion of exigency had matured at the point the officers entered the residence.

Jeffrey cites *Ballard* in support of his argument that the entry was unreasonable. In *Ballard*, the parties did not dispute that the officers failed to knock and announce

their presence before entering the house. *Ballard*, 104 S.W.3d at 376. The Beaumont Court of Appeals ruled there were not sufficient specific articulable facts to create a reasonable suspicion of exigent circumstances, and refused to create a per se exception for searches of methamphetamine labs. *Id.* at 383–84. Unlike officers in *Ballard*, the officers in this case did have specific articulable facts that created reasonable suspicion. The officers heard footsteps and had waited a few seconds. The trial court could have reasonably concluded these facts provided sufficient specific articulable facts to create reasonable suspicion of exigency.

While we may have reached a different conclusion as to the reasonableness of the entry, we cannot conclude the trial court abused its discretion in finding the entry reasonable. The trial court did not abuse its discretion in determining that a reasonable suspicion of exigency had matured by the time the officers entered the residence. Since the trial court did not abuse its discretion in denying the motion to suppress, we overrule Jeffrey's first point of error.

*(2) The Evidence Sufficiently Corroborates the Covert Witness' Testimony*

■ In his second point of error, Jeffrey argues that the evidence corroborating the testimony of the covert witness was insufficient.[4] According to Jeffrey,

---

4. The jury was not instructed, pursuant to Article 38.141 of the Texas Code of Criminal Procedure, that the testimony of a covert witness must be corroborated. The defense did not request such an instruction. On appeal, the defense does not complain the failure to instruct the jury resulted in egregious harm. In the context of accomplice witnesses, an appellate court will review the sufficiency of the corroboration of an accomplice as a matter of law even when the jury is not instructed concerning the accomplice witness rule. *Campbell v. State*, 139 Tex.Crim. 379, 138

S.W.2d 1091, 1093–94 (1940). The Texas Court of Criminal Appeals has stated: "where no accomplice witness charge was requested or given, a reviewing court, 'in passing upon the sufficiency of the evidence, must treat the testimony of [an accomplice] as that of an accomplice witness and find sufficient evidence from other sources tending to connect appellant with the commission of the offense; . . . .' " *Hernandez v. State*, 939 S.W.2d 173, 175 n. 2 (Tex.Crim.App.1997) (citing *Hammonds v. State*, 166 Tex.Crim. 499, 316

the State failed to introduce some evidence other than the covert witness' testimony that tended to connect Jeffrey to the offense charged. Because the State introduced sufficient evidence to corroborate the testimony of the covert witness, it is not necessary that we address the State's argument that Article 38.141 does not apply in this case.[5]

The investigation of Jeffrey resulted from a tip by Timothy Sims, an inmate at the Delta County jail. Sims approached Sheriff Bassham while in custody at the jail and offered to provide information about illegal drug activity in Delta County in exchange for a personal recognizance bond on three misdemeanor charges on which he was being held. Sheriff Bassham

arranged for Sims' release and arranged for Sims to make a "controlled buy" from Jeffrey. Sheriff Bassham and Deputy Plemons searched Sims before the purchase and provided Sims with fifty dollars with which to purchase drugs. The fifty dollars had been previously photocopied to track the serial numbers. Sheriff Bassham testified they maintained constant visual observation of Sims from the time he exited Bassham's car until he entered Jeffrey's residence. A short time later, Sims left Jeffrey's residence and proceeded directly to meet with the Sheriff. Another search of Sims revealed that Sims no longer possessed the fifty dollars and had two rocks of alleged crack cocaine in his possession. Based on Sims' statement, Bassham obtained a warrant to search Jeffrey's

S.W.2d 423, 424 (1958)). *But see Reyna v. State*, 22 S.W.3d 655, 660 (Tex.App.-Austin 2000, no pet.) (declining to address whether the corroboration was sufficient when the witness was not an accomplice as a matter of law); *Green v. State*, 72 S.W.3d 420, 424 (Tex.App.-Texarkana 2002, pet. ref'd) (declining to address corroboration when witness was not an accomplice as a matter of law and there was "no jury finding that she was an accomplice as a matter of fact"). We note that *Hernandez* indicated that review of the sufficiency of corroboration may be questionable when the jury is not instructed concerning the accomplice witness rule because, at that time, the sufficiency of the evidence was measured against the charge that was given. *See Hernandez*, 939 S.W.2d at 175 n. 2. Evidentiary sufficiency, however, is now measured against the hypothetically correct jury charge. *See Gollihar v. State*, 46 S.W.3d 243, 253 (Tex.Crim.App.2001); *Malik v. State*, 953 S.W.2d 234, 240 (Tex.Crim.App.1997). Because the witness is a covert witness as a matter of law, we will address whether the corroboration is sufficient.

**5.** The State argues that Article 38.141 does not require corroboration when the covert witness' testimony concerns a drug deal for which the defendant is not charged. The testimony of the covert witness was introduced only to prove the intent to deliver, and a limiting instruction was given. Article 38.14 does not require corroboration when an

*accomplice* witness testifies concerning extraneous offenses during the punishment phase of a trial. *Thompson v. State*, 691 S.W.2d 627, 633 (Tex.Crim.App.1984); *Megas v. State*, 68 S.W.3d 234, 242 (Tex.App.-Houston [1st Dist.] 2002, pet. ref'd). However, the testimony at issue was introduced during the guilt/innocence phase of the trial. The Texas Court of Criminal Appeals has yet to resolve this issue. *See* 43 George E. Dix and Robert O. Dawson, Texas Practice. Criminal Practice And Procedure § 31.253 (2d ed.2001). In *Rice*, a majority of the three judge panel originally held that accomplice testimony concerning extraneous offenses admitted during the guilt/innocence phase of the trial to prove intent to commit the crime charged must be corroborated, but on rehearing the court subsequently heard the case en banc and declined to resolve the issue. *See Rice v. State*, 605 S.W.2d 895, 903 n. 1 (Tex.Crim.App. 1980) (en banc) (holding that the extraneous offense was conspiracy to commit theft rather than for arson introduced to prove intent and finding the corroboration sufficient); *see also Bustamante v. State*, 702 S.W.2d 193, 194 (Tex.Crim.App.1985) (Clinton, J., dissenting); *cf. Williams v. State*, 47 S.W.3d 626, 632 (Tex.App.-Waco 2001, pet. ref'd). Because we find the corroboration of the covert witness' testimony is sufficient, we decline to decide whether corroboration is required.

residence. At trial, Sims testified he purchased crack cocaine from Jeffrey. Sims' testimony was admitted as evidence of Jeffrey's intent to deliver and was accompanied by a limiting instruction.

■ Article 38.141 of the Texas Code of Criminal Procedure requires that testimony of a person who is not a licensed police officer or special investigator but is acting covertly on behalf of the police be corroborated by other evidence tending to connect the accused to the offense. *Brown v. State*, 159 S.W.3d 703, 707 (Tex.App.-Texarkana 2004, pet. ref'd); *see* TEX.CODE. CRIM. PROC. ANN. art. 38.141(a), (b) (Vernon 2005). Similar to accomplice witnesses, covert witnesses may have incentives to lie or shade their testimony in favor of the State and, therefore, such testimony should be viewed with a measure of caution. *Brown*, 159 S.W.3d at 707; *Young v. State*, 95 S.W.3d 448, 451 (Tex.App.-Houston [1st Dist.] 2002, pet. ref'd). In *Brown*, this Court found the interpretations of Article 38.14 of the Texas Code of Criminal Procedure relating to accomplice witness testimony persuasive and applicable to Article 38.141. *Brown*, 159 S.W.3d at 707; *see Torres v. State*, 137 S.W.3d 191, 196 (Tex.App.-Houston [1st Dist.] 2004, no pet.); *Jefferson v. State*, 99 S.W.3d 790, 793 (Tex.App.-Eastland 2003, pet. ref'd); *Young*, 95 S.W.3d at 451; *Cantelon v. State*, 85 S.W.3d 457, 461 (Tex.App.-Austin 2002, no pet.).

■ The covert witness rule requires that the State produce some other evidence which "tends to connect" the accused to the commission of the offense alleged in the indictment. *Brown*, 159 S.W.3d at 707–08. In our analysis of whether there is "other evidence" which tends to connect the accused with the offense, we must eliminate all of the covert witness' testimony and determine whether the remaining inculpatory facts and cir-

cumstances tend to connect the appellant to the offense. *Id.*

■ Just Jeffrey's presence at the scene is not enough to corroborate the accomplice testimony. Mere presence of a defendant at the scene of the crime is insufficient to corroborate accomplice testimony. *Id.; Torres*, 137 S.W.3d at 196. But the presence of the accused at or near the scene of the crime at or about the time of its commission coupled with other suspicious circumstances may be sufficient to tend to connect the accused to the crime. *Brown*, 159 S.W.3d at 708; *see Brown v. State*, 672 S.W.2d 487, 489 (Tex.Crim.App. 1984). "Even apparently insignificant incriminating suspicious circumstances may sometimes prove to be sufficient corroboration." *Brown*, 159 S.W.3d at 708; *Torres*, 137 S.W.3d at 196; *Cantelon*, 85 S.W.3d at 461; *see Munoz v. State*, 853 S.W.2d 558, 559 (Tex.Crim.App.1993). Cumulative evidence of "suspicious circumstances" may be sufficient even if none of the circumstances would be sufficient individually. *Cantelon*, 85 S.W.3d at 460–61.

The State introduced sufficient "suspicious circumstances" which tend to connect Jeffrey to the controlled substance. Jeffrey leased the residence and therefore had control over its contents. Jeffrey made several statements indicating his guilt. While Jeffrey was being escorted from the residence by the deputies, Q.W., Jeffrey's son, stated "Daddy, I didn't have any of your rocks." Jeffrey replied: "Boy, have you been in my stuff?" Jeffrey also informed the deputies that Cynthia Nance, the other person in the residence, "didn't have anything to do with this." In addition, several objects found in Jeffrey's bedroom tended to connect him to the offense. The police discovered crack cocaine in a pill bottle wrapped in duct tape, a crack pipe, a brass metal tray, Jeffrey's driver's license, a ledger with a list of names and

figures, and almost $300.00 in currency, including the cash the police had provided to the covert witness to purchase drugs. Fifty dollars found in Jeffrey's bedroom had identical serial numbers as the currency provided to Sims. Cumulatively, these suspicious circumstances tend to connect Jeffrey to possession of a controlled substance with the intent to deliver.

■ Jeffrey argues the only evidence to support the intent to deliver element of the charged offense was the testimony of the covert witness. The corroborating evidence does not need to prove all the elements of the alleged offense or directly link the accused to the commission of the offense. *See Munoz*, 853 S.W.2d at 559; *Underwood v. State*, 967 S.W.2d 925, 928 (Tex.App.-Beaumont 1998, pet. ref'd); *Hernandez*, 939 S.W.2d at 176. The covert witness rule requires only some evidence which tends to connect the accused to the offense. Further, there was additional evidence of the intent to deliver. The scales, ledger, and other items found in Jeffrey's bedroom provide circumstantial evidence of Jeffrey's intent to deliver.

The State sufficiently corroborated the testimony of the covert witness. There is some evidence other than the covert witness' testimony which tends to connect Jeffrey to the offense. We overrule Jeffrey's second point of error.

We affirm the judgment.