[COMMENT1] 

 

 

 

 

 

                                COURT OF APPEALS

                                       SECOND
DISTRICT OF TEXAS

                                                   FORT
WORTH

 

 

                                        NO.
2-04-249-CR

 

 

TONY
DEMOND WRIGHT                                                      APPELLANT

 

                                                   V.

 

THE
STATE OF TEXAS                                                                STATE

 

                                              ------------

 

            FROM THE 158TH
DISTRICT COURT OF DENTON COUNTY

 

                                              ------------

 

                                MEMORANDUM OPINION[1]

 

                                              ------------








Upon his plea of guilty to possession of a
controlled substance, the trial court placed Appellant Tony Demond Wright on
deferred adjudication community supervision for four years and assessed a fine
of $1000.  Appellant appeals the denial
of his pretrial motion to suppress illegally obtained evidence.  Because we hold that the trial court abused
its discretion by denying the motion to suppress, we reverse the trial court=s
judgment and remand this cause to the trial court for trial without the
illegally seized evidence.

At Dallas/Fort Worth International Airport, a
United States Postal Investigator opened an envelope that contained
methylenedioxy methamphetamine (MDMA) tablets, also known as ecstasy.  The envelope was not addressed to Appellant,
but to Mark Goldstein.  The inspector
contacted Denton police apparently because the address was a Denton
address.  Denton police officers watched
as the postal inspector delivered the envelope to the addressee=s
home.  Appellant, an overnight guest at
the home, opened the door and took delivery of the envelope of drugs.  The record reflects that when the envelope
was delivered to Appellant, he stated that Mark Goldstein was in class and
would be home shortly and that he would give the envelope to Goldstein.  Nothing in the affidavit suggests that
Appellant had any knowledge of the contents of the envelope.  








Denton police officer Jeff Davis, who was
allegedly familiar with Appellant=s prior
drug-selling activities and the fact that he had a gun, then requested a
combination arrest and search warrant. 
He requested permission for a no-knock entry in his affidavit because of
the Apossibility
of weapons within the suspected place and the ease in which a large quantity of
narcotics can be destroyed.@  (Of course, this case is about a small
quantityCabout
fifty tablets.)  The text of the resultant
warrant is set out below:

SEARCH AND ARREST WARRANT

THE STATE OF TEXAS

COUNTY OF DENTON

THE
STATE OF TEXAS to the Sheriff or any Peace Officer of Denton County, Texas or
any Peace Officer of the State of Texas,

 

GREETING:

 

WHEREAS,
the Affiant whose name appears on the attached Affidavit is a Peace Officer
under the laws of Texas and did heretofore this day subscribe and swear to said
Affidavit before me (which said Affidavit is here now made part hereof for all
purposes), and whereas I find that the verified facts stated by Affiant in said
Affidavit show that Affiant has probable cause for the belief expressed therein
and establish existence of proper grounds for issuance of this Warrant; now,
therefore, you are commanded to enter the suspected place, arrest each said and
described and accused persons in said Affidavit and seize each said vehicle
described in said Affidavit and to there search for the personal property
described in said Affidavit and to seize same and bring before me the personal
property described in said Affidavit.

Further,
you are ORDERED, pursuant to the provisions of Article 18.10, Texas Code of
Criminal Procedure, to retain custody of any property seized pursuant to this
Warrant, until further order of this Court or any other Court of appropriate
jurisdiction shall otherwise direct the manner of safekeeping of said
property.  This Court grants you leave
and authority to remove such seized property from this county, if and only if
such removal is necessary for the safekeeping of such seized property by you,
or if such removal is otherwise authorized by the provisions of Article 18.10,
T.C.C.P.  You are further ORDERED to give
notice to this Court, as a part of the inventory to be filed subsequent to the
execution of this Warrant, and as required by Article 18.10, T.C.C.P., of the
place where the property seized hereunder is kept, stored and held.








HEREIN
FAIL NOT, but have you then and there this Warrant within three days, exclusive
of the day of its issuance and exclusive of the day of its execution, with your
return thereon, showing how you have executed the same, filed in this court. 

 

Contrary to the State=s
position, the magistrate did not authorize a no-knock entry into the residence.  The officers, nevertheless, used a ramming
device to open a door to the residence, discharged flash-bang and concussion
grenade devices inside the home, and discovered the drugs that they had
instructed the postal inspector to deliver. 
They also seized marijuana, a loaded semi-automatic handgun, and other
related items.  Appellant was arrested.

There was no evidence of any attempt by Appellant
to destroy contraband or to use weapons. 
The officers relied on their warrant to justify the search and seizure,
as does the State.  Appellant argues that
the trial court should have granted his motion to suppress because law
enforcement officers unreasonably failed to comply with the knock-and-announce
requirement of the Fourth Amendment.








We review the trial court=s ruling
on a motion to suppress under an abuse of discretion standard.[2]  In conducting this review, we apply a
bifurcated standard, granting almost total deference to the trial court=s
decisions on questions of fact and reviewing de novo questions of law and mixed
questions of law and fact that do not turn on the credibility and demeanor of a
witness.[3]    The
facts are not in dispute.  Only the
proper application of the law to those facts is in dispute.  Although the warrant authorized the officers
to enter the residence to arrest the accused persons, the warrant authorized
the search for and seizure of evidence only as follows: Aand
seize each said vehicle described in said Affidavit and to there
search for the personal property described in said Affidavit. . . .@  [Emphasis added.]  The warrant did not authorize the officers to
search the residence for contraband.  Yet
the officers did search the residence and found the contraband inside the
house.  The record does not reflect a
search of any vehicles.








The State candidly acknowledges that the United
States Supreme Court has declined to recognize a blanket exception to the
knock-and-announce rule that would automatically circumvent the
knock-and-announce requirement in felony drug cases.[4]  But the State argues that even the Richards
court recognized that Athe knock-and-announce
requirement could give way >under
circumstances presenting a threat of physical violence,= or >where
police officers have reason to believe that evidence would likely be destroyed
if advance notice were given.=@[5]  The police did not convince the magistrate
who issued the warrant that the requisite threat existed to justify a no-knock
warrant.  Consequently, the warrant did
not authorize the search and seizure.








But we must affirm the trial court's order
denying Appellant=s motion to suppress if that
ruling was supported by the record and was correct under any theory of law
applicable to the case.[6]  We therefore examine the record for facts
justifying a warrantless search and seizure.[7]  The only relevant exception to the warrant
requirement would be exigency.[8]  We look, then, for circumstances that arose
after the officers secured the warrant but that did not allow time to seek a
new warrant.[9]  Having closely examined the record, we find
no such circumstances.  The entry of the
residence was authorized solely to seize and arrest the two men named in the
warrant, not to search for contraband. 
There is no record of a perceived danger that one of the men would
disappear if entry were announced.  Nor
does the record reflect that any new perception of danger arose after securing
the warrant. 

Applying the proper bifurcated standard of
review, we hold that the trial court abused its discretion by denying Appellant=s motion
to suppress because the warrant did not authorize a search of the residence or
a no-knock entry of the residence. 
Further, the record in this case reveals no exigent circumstances that
would otherwise justify the officers=
actions.[10]

Because the trial court abused its discretion by
denying Appellant=s motion to suppress, we sustain
Appellant=s sole point, reverse the trial
court=s
judgment, and remand this cause to the trial court for trial without the
illegally seized evidence.

 

LEE
ANN DAUPHINOT

JUSTICE

PANEL B:  LIVINGSTON, DAUPHINOT,
and MCCOY, JJ.

LIVINGSTON, J. filed a
dissenting opinion.

MCCOY, J. filed a
concurring opinion.

 

DO NOT PUBLISH

Tex.
R. App. P.
47.2(b)

 

DELIVERED:  March 9, 2006











 
 
 
 
 
 
 




 

 

 

 

 

 

                                      COURT
OF APPEALS

                                       SECOND
DISTRICT OF TEXAS

                                                   FORT
WORTH

 

 

                                        NO.
2-04-249-CR

 

 

TONY DEMOND WRIGHT                                                      APPELLANT

 

 

                                                   V.

 

THE STATE OF TEXAS                                                                STATE

 

 

                                              ------------

 

            FROM THE 158TH
DISTRICT COURT OF DENTON COUNTY

 

                                              ------------

 

                                   DISSENTING OPINION

 

                                              ------------

I respectfully dissent to the majority opinion. 








When there are no explicit findings of historical
fact, the evidence must be viewed in the light most favorable to the trial
court=s
ruling.  Estrada v. State, 154
S.W.3d 604, 607 (Tex. Crim. App. 2005). 
We must uphold the trial court=s ruling
if it is supported by the record and is correct under any theory of law
applicable to the case even if the trial court gave the wrong reason for its
ruling.  Armendariz v. State, 123
S.W.3d 401, 404 (Tex. Crim. App. 2003), cert. denied, 541 U.S. 974
(2004); State v. Ross, 32 S.W.3d 853, 856 (Tex. Crim. App. 2000); Romero
v. State, 800 S.W.2d 539, 543 (Tex. Crim. App. 1990). 

First, while I agree with the majority that the
warrant signed by the magistrate judge did not include a no-knock
authorization, the officers and even the trial court assumed it did.  Therefore, while it is true that the warrant
itself did not authorize a no-knock entry, Texas caselaw, as well as the
federal law upon which it is based, allows for no-knock entries in other
exigent circumstances.








AThe reasonableness of the forced
entry is judged by the facts known to the officer at the time of the entry.@  Jeffery v. State, 169 S.W.3d 439, 444
(Tex. App.CTexarkana 2005, pet. ref=d); see
also United States v. Banks, 540 U.S. 31, 35-36, 124 S. Ct. 521, 524-25
(2003).  The burden of proof is on the
State to show why entry without announcing and knocking is justified.  Jeffery, 169 S.W.3d at 444.  AUnder
certain circumstances, the failure of police to knock and announce their
presence and purpose . . . may make the search unreasonable.@  Id.; see also Wilson v. Arkansas,
514 U.S. 927, 934, 115 S. Ct. 1914, 1918 (1995).  However, it is not enough that those in
possession of a controlled substance are normally also in possession of
firearms.  Jeffery, 169 S.W.3d at
444.  Police are authorized to
make unannounced entries even without a no-knock warrant Aif they
have reasonable suspicion that the particular circumstances present a threat of
physical violence or a likelihood that evidence will be destroyed.@  Patterson v. State, 138 S.W.3d 643,
648 (Tex. App.CDallas 2004, no pet.); see
also Richards v. Wisconsin, 520 U.S. 385, 395, 117 S. Ct. 1416, 1422
(1997).








At the suppression hearing, the State presented
additional testimony from the original affiant as well as from another officer
who was at the scene.  Officer Jeff
Davis, the affiant, testified that he had originally included a special request
in his affidavit to Amake entry without announcing
and knocking@ because he had received
information that appellant possessed a gun and that appellant carried the
firearm while drug trafficking.  He
considered the information to be credible because he received it from a proven
confidential informant.  Also, he
considered the potential drug quantity to be quite large, and he had a fear
that the narcotics could easily be destroyed. 
The informant told him that appellant usually carried a weapon on his
person or in the vehicle he was driving. 
Officer Davis also testified to a prior incident or investigation
involving the appellant where appellant was actually arrested for possession of
a controlled substance.  Before filing
that case, Officer Davis met with a confidential informant, and when the
informant was told that he might have to testify, the informant expressed a
real fear at having to testify against appellant.  So that the informant would not be put in
danger, that case was dismissed based on the informant=s real
fear of appellant should he testify against him.[1]


Likewise, Detective Keith Smith, who was at the
scene when the warrant was executed, testified that the no-knock entry was
based upon a concern for the Aoccupant=s
safety, defendant=s safety, officers= safety,
as well as to gain [sic] element of surprise and to prevent the destruction of
evidence.@ 

The State also called Michelle Luna, who was
renting the residence that appellant was visiting at the time the search warrant
was executed.  Luna testified that
Officer Davis informed her that they waited to execute the warrant until she
had left with her young son, further supporting a concern for the occupants= safety.


In light of the foregoing and the obligation to
give great deference to the trial court=s
determinations of facts, I would hold that the trial court did not err in
denying the motion to suppress. 








Next, the majority complains about the seizure of
contraband inside the house.  See
Maj. Op. at 5.  The majority states that
the warrant authorized only the seizure and arrest of the two men named in the
warrant and a search of their vehicles for contraband, not to search for
contraband in the house.  Maj. Op. at
6.  I respectfully disagree.  First, appellant made no complaint at trial
or on appeal as to the officers=
authority to look for or seize any contraband from within the house, so we
should not address that defect, if any.  See
Tex. R. App. P. 33.1; Abrego
v. State, 977 S.W.2d 835, 837 (Tex. App.CFort
Worth 1998, pet. ref=d).  Appellant only complains about the no-knock
aspect of the entry.  Second, the warrant
did authorize the search and seizure of any contraband in the house, not just
from within the vehicles.  The warrant
directs the officers to Asearch for the personal property
described in said affidavit and to seize same.@  The affidavit, which is attached to the
warrant, clearly identifies the contraband substance to be found, ecstasy, and
that it would be found at the Asuspected
place and premises.@ 
I believe the majority has read the warrant too narrowly because it has
ignored the language in the affidavit, which was clearly attached to the
warrant.








Lastly, the majority uses the alleged erroneous
search and seizure of the contraband as additional support for its conclusion
that the no-knock entry was not even authorized under any exigent
circumstances.  Because the warrant
authorized, and the affidavit identified, the controlled substance to be seized
from the vehicle or the house, this claimed deficiency fails.  The affiant and another officer testified to
the justified fear for officer safety and the concern for the immediate
destruction of the controlled substance without the no-knock entry.  See, e.g., Patterson, 138 S.W.3d at
648. 

For these reasons, I believe the no-knock entry
was justified, even though it was not specifically authorized by this
warrant.  Applying the appropriate standard
of review, I would therefore conclude that the trial court properly denied
appellant=s motion to suppress and affirm
the trial court=s judgment.

 

 

TERRIE
LIVINGSTON

JUSTICE

 

DO NOT PUBLISH

Tex.
R. App. P.
47.2(b)

 

DELIVERED:  March 9, 2006

 

 

 

 

 

 

 

 

 

 

 

 

 

 











 
 
 
 
 
 
 




 

 

 

 

 

 

                                COURT
OF APPEALS

                                       SECOND
DISTRICT OF TEXAS

                                                   FORT
WORTH

 

 

                                        NO.
2-04-249-CR

 

 

TONY
DEMOND WRIGHT                                                      APPELLANT

 

                                                   V.

 

THE
STATE OF TEXAS                                                                STATE

 

                                              ------------

 

            FROM THE 158TH
DISTRICT COURT OF DENTON COUNTY

 

                                              ------------

 

                                  CONCURRING OPINION

 

                                              ------------








I concur with the holding of the majority
opinion, and with the dissent, that the warrant did not call for a no-knock
entry.  I agree with the majority and
disagree with the dissent, however, that no exigent circumstances occurred upon
execution of the warrant that necessitated the no-knock entry.  I do not agree with the majority that the
warrant did not call for a search of the residence.  It reads in part,  A[Y]ou
are commanded to enter the suspected place, arrest each said and
described and accused persons in said Affidavit and seize each said vehicle
described in said Affidavit and to there search for the personal property
described in said Affidavit and to seize same. . . .@  [Emphasis added.]  The warrant also states that the Affidavit is
made a part of the warrant, and an examination of the Affidavit clearly shows
that the ecstasy is expected to be found in the Aone
story, single family residence located at 3503 Oriole St., Denton, Denton
County, Texas.@ 
Therefore, a common sense reading of the warrant shows that a search of
the residence is contemplated.  I further
agree with the dissent that this issue was not preserved nor presented for our
review.

In sum, I agree that the judgment of the trial
court must be reversed and the case remanded because of the unauthorized
no-knock entry, but I disagree that the scope of the warrant did not include
the residence and that, in any event, this issue was not before us.  Consequently, for the reasons stated above, I
respectfully concur.

 

BOB
MCCOY

JUSTICE

DO NOT PUBLISH

Tex.
R. App. P.
47.2(b)

 

DELIVERED:  March 9, 2006











[1]See Tex. R. App. P.
47.4.





[2]Oles v. State,
993 S.W.2d 103, 106 (Tex. Crim. App. 1999).





[3]Johnson v. State, 68 S.W.3d 644, 652-53 (Tex. Crim. App. 2002); Guzman v. State,
955 S.W.2d 85, 89 (Tex. Crim. App. 1997).





[4]See Richards v. Wisconsin, 520 U.S. 385, 394-95, 117 S. Ct. 1416, 1421-22 (1997).





[5]Id. at 391,
117 S. Ct. at 1420 (quoting Wilson v. Arkansas, 514 U.S. 927, 936, 115
S. Ct. 1914, 1919 (1995)).





[6]Armendariz v. State, 123 S.W.3d 401, 404 (Tex. Crim. App. 2003), cert. denied, 541
U.S. 974 (2004); State v. Ross, 32 S.W.3d 853, 856 (Tex. Crim. App.
2000).  





[7]Adkins v. State,
717 S.W.2d 363, 365-66 (Tex. Crim. App. 1986).





[8]See McNairy v. State, 835 S.W.2d 101, 107 (Tex. Crim. App. 1991).





[9]See id.





[10]See Adkins,
717 S.W.2d at 365-66.





[1]No objection to any of this hearsay testimony was
made.















 [COMMENT1]

MAJORITY
BY DAUPHINOT, J.; DISSENT BY LIVINGSTON, J.; CONCUR BY MCCOY, J.