WRIGHT v. STATE

(comment: 1)

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-04-249-CR

TONY DEMOND WRIGHT APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM THE 158TH
 DISTRICT COURT OF DENTON COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

Upon his plea of guilty to possession of a controlled substance, the trial court placed Appellant Tony Demond Wright on deferred adjudication community supervision for four years and assessed a fine of $1000.  Appellant appeals the denial of his pretrial motion to suppress illegally obtained evidence.  Because we hold that the trial court abused its discretion by denying the motion to suppress, we reverse the trial court’s judgment and remand this cause to the trial court for trial without the illegally seized evidence.

At Dallas/Fort Worth International Airport, a United States Postal Investigator opened an envelope that contained methylenedioxy methamphetamine (MDMA) tablets, also known as ecstasy.  The envelope was not addressed to Appellant, but to Mark Goldstein.  The inspector contacted Denton police apparently because the address was a Denton address.  Denton police officers watched as the postal inspector delivered the envelope to the addressee’s home.  Appellant, an overnight guest at the home, opened the door and took delivery of the envelope of drugs.  The record reflects that when the envelope was delivered to Appellant, he stated that Mark Goldstein was in class and would be home shortly and that he would give the envelope to Goldstein.  Nothing in the affidavit suggests that Appellant had any knowledge of the contents of the envelope.  

Denton police officer Jeff Davis, who was allegedly familiar with Appellant’s prior drug-selling activities and the fact that he had a gun, then requested a combination arrest and search warrant.  He requested permission for a no-knock entry in his affidavit because of the “possibility of weapons within the suspected place and the ease in which a large quantity of narcotics can be destroyed.”  (Of course, this case is about a small quantity—about fifty tablets.)  The text of the resultant warrant is set out below:

SEARCH AND ARREST WARRANT

THE STATE OF TEXAS

COUNTY OF DENTON

THE STATE OF TEXAS to the Sheriff or any Peace Officer of Denton County, Texas or any Peace Officer of the State of Texas,

GREETING:

WHEREAS, the Affiant whose name appears on the attached Affidavit is a Peace Officer under the laws of Texas and did heretofore this day subscribe and swear to said Affidavit before me (which said Affidavit is here now made part hereof for all purposes), and whereas I find that the verified facts stated by Affiant in said Affidavit show that Affiant has probable cause for the belief expressed therein and establish existence of proper grounds for issuance of this Warrant; now, therefore, you are commanded to enter the suspected place, arrest each said and described and accused persons in said Affidavit and seize each said vehicle described in said Affidavit and to there search for the personal property described in said Affidavit and to seize same and bring before me the personal property described in said Affidavit.

Further, you are ORDERED, pursuant to the provisions of Article 18.10, Texas Code of Criminal Procedure, to retain custody of any property seized pursuant to this Warrant, until further order of this Court or any other Court of appropriate jurisdiction shall otherwise direct the manner of safekeeping of said property.  This Court grants you leave and authority to remove such seized property from this county, if and only if such removal is necessary for the safekeeping of such seized property by you, or if such removal is otherwise authorized by the provisions of Article 18.10, T.C.C.P.  You are further ORDERED to give notice to this Court, as a part of the inventory to be filed subsequent to the execution of this Warrant, and as required by Article 18.10, T.C.C.P., of the place where the property seized hereunder is kept, stored and held.

HEREIN FAIL NOT, but have you then and there this Warrant within three days, exclusive of the day of its issuance and exclusive of the day of its execution, with your return thereon, showing how you have executed the same, filed in this court.
 

Contrary to the State’s position, the magistrate did not authorize a no-knock entry into the residence.  The officers, nevertheless, used a ramming device to open a door to the residence, discharged flash-bang and concussion grenade devices inside the home, and discovered the drugs that they had instructed the postal inspector to deliver.  They also seized marijuana, a loaded semi-automatic handgun, and other related items.  Appellant was arrested.

There was no evidence of any attempt by Appellant to destroy contraband or to use weapons.  The officers relied on their warrant to justify the search and seizure, as does the State.  Appellant argues that the trial court should have granted his motion to suppress because law enforcement officers unreasonably failed to comply with the knock-and-announce requirement of the Fourth Amendment.

We review the trial court’s ruling on a motion to suppress under an abuse of discretion standard.
(footnote: 2)  In conducting this review, we apply a bifurcated standard, granting almost total deference to the trial court’s decisions on questions of fact and reviewing de novo questions of law and mixed questions of law and fact that do not turn on the credibility and demeanor of a witness.
(footnote: 3)   The facts are not in dispute.  Only the proper application of the law to those facts is in dispute.  Although the warrant authorized the officers to enter the residence to arrest the accused persons, the warrant authorized the search for and seizure of evidence only as follows: “and seize each said 
vehicle
 described in said Affidavit and to 
there
 search for the personal property described in said Affidavit. . . .”  [Emphasis added.]  The warrant did not authorize the officers to search the residence for contraband.  Yet the officers did search the residence and found the contraband inside the house.  The record does not reflect a search of any vehicles.

The State candidly acknowledges that the United States Supreme Court has declined to recognize a blanket exception to the knock-and-announce rule that would automatically circumvent the knock-and-announce requirement in felony drug cases.
(footnote: 4)  But the State argues that even the 
Richards
 court recognized that “the knock-and-announce requirement could give way ‘under circumstances presenting a threat of physical violence,’ or ‘where police officers have reason to believe that evidence would likely be destroyed if advance notice were given.’”
(footnote: 5)  The police did not convince the magistrate who issued the warrant that the requisite threat existed to justify a no-knock warrant.  Consequently, the warrant did not authorize the search and seizure.

But we must affirm the trial court's order denying Appellant’s motion to suppress if that ruling was supported by the record and was correct under any theory of law applicable to the case.
(footnote: 6)  We therefore examine the record for facts justifying a warrantless search and seizure.
(footnote: 7)  The only relevant exception to the warrant requirement would be exigency.
(footnote: 8)  We look, then, for circumstances that arose after the officers secured the warrant but that did not allow time to seek a new warrant.
(footnote: 9)  Having closely examined the record, we find no such circumstances.  The entry of the residence was authorized solely to seize and arrest the two men named in the warrant, not to search for contraband.  There is no record of a perceived danger that one of the men would disappear if entry were announced.  Nor does the record reflect that any new perception of danger arose after securing the warrant. 

Applying the proper bifurcated standard of review, we hold that the trial court abused its discretion by denying Appellant’s motion to suppress because the warrant did not authorize a search of the residence or a no-knock entry of the residence.  Further, the record in this case reveals no exigent circumstances that would otherwise justify the officers’ actions.
(footnote: 10)
 Because the trial court abused its discretion by denying Appellant’s motion to suppress, we sustain Appellant’s sole point, reverse the trial court’s judgment, and remand this cause to the trial court for trial without the illegally seized evidence.

LEE ANN DAUPHINOT

JUSTICE

PANEL B:  LIVINGSTON, DAUPHINOT, and MCCOY, JJ.

LIVINGSTON, J. filed a dissenting opinion.

MCCOY, J. filed a concurring opinion.

DO NOT PUBLISH

Tex. R. App. P.
 47.2(b)

DELIVERED:  March 9, 2006

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-04-249-CR

TONY DEMOND WRIGHT APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM THE 158TH DISTRICT COURT OF DENTON COUNTY

------------

DISSENTING OPINION

------------

I respectfully dissent to the majority opinion. 

When there are no explicit findings of historical fact, the evidence must be viewed in the light most favorable to the trial court’s ruling.  
Estrada v. State
, 154 S.W.3d 604, 607 (Tex. Crim. App. 2005). 
 We must uphold the trial court’s ruling if it is supported by the record and is correct under any theory of law applicable to the case even if the trial court gave the wrong reason for its ruling.  
Armendariz v. State
, 123 S.W.3d 401, 404 (Tex. Crim. App. 2003), 
cert. denied
, 541 U.S. 974 (2004); 
State v. Ross
, 32 S.W.3d 853, 856 (Tex. Crim. App. 2000); 
Romero v. State
, 800 S.W.2d 539, 543 (Tex. Crim. App. 1990). 

First, while I agree with the majority that the warrant signed by the magistrate judge did not include a no-knock authorization, the officers and even the trial court assumed it did.  Therefore, while it is true that the warrant itself did not authorize a no-knock entry, Texas caselaw, as well as the federal law upon which it is based, allows for no-knock entries in other exigent circumstances.

“The reasonableness of the forced entry is judged by the facts known to the officer at the time of the entry.”  
Jeffery v. State
, 169 S.W.3d 439, 444 (Tex. App.—Texarkana 2005, pet. ref’d); 
see also United States v. Banks
, 540 U.S. 31, 35-36, 124 S. Ct. 521, 524-25 (2003).  The burden of proof is on the State to show why entry without announcing and knocking is justified. 
 Jeffery, 
169 S.W.3d at 444.  “Under certain circumstances, the failure of police to knock and announce their presence and purpose . . . may make the search unreasonable.”  
Id.; see also
 
Wilson v. Arkansas
, 514 U.S. 927, 934, 115 S. Ct. 1914, 1918 (1995).  However, it is not enough that those in possession of a controlled substance are normally also in possession of firearms.  
Jeffery, 
169 S.W.3d at 444
.
  Police are authorized to make unannounced entries even without a no-knock warrant “if they have reasonable suspicion that the particular circumstances present a threat of physical violence or a likelihood that evidence will be destroyed.”  
Patterson v. State
, 138 S.W.3d 643, 648 (Tex. App.—Dallas 2004, no pet.); 
see also Richards v. Wisconsin
, 520 U.S. 385, 395, 117 S. Ct. 1416, 1422 (1997).

At the suppression hearing, the State presented additional testimony from the original affiant as well as from another officer who was at the scene.  Officer Jeff Davis, the affiant, testified that he had originally included a special request in his affidavit to “make entry without announcing and knocking” because he had received information that appellant possessed a gun and that appellant carried the firearm while drug trafficking.  He considered the information to be credible because he received it from a proven confidential informant.  Also, he considered the potential drug quantity to be quite large, and he had a fear that the narcotics could easily be destroyed.  The informant told him that appellant usually carried a weapon on his person or in the vehicle he was driving.  Officer Davis also testified to a prior incident or investigation involving the appellant where appellant was actually arrested for possession of a controlled substance.  Before filing that case, Officer Davis met with a confidential informant, and when the informant was told that he might have to testify, the informant expressed a real fear at having to testify against appellant.  So that the informant would not be put in danger, that case was dismissed based on the informant’s real fear of appellant should he testify against him.
(footnote: 1) 

Likewise, Detective Keith Smith, who was at the scene when the warrant was executed, testified that the no-knock entry was based upon a concern for the “occupant’s safety, defendant’s safety, officers’ safety, as well as to gain [sic] element of surprise and to prevent the destruction of evidence.” 

The State also called Michelle Luna, who was renting the residence that appellant was visiting at the time the search warrant was executed.  Luna testified that Officer Davis informed her that they waited to execute the warrant until she had left with her young son, further supporting a concern for the occupants’ safety. 

In light of the foregoing and the obligation to give great deference to the trial court’s determinations of facts, I would hold that the trial court did not err in denying the motion to suppress. 

Next, the majority complains about the seizure of contraband inside the house.  
See
 Maj. Op. at 5.  The majority states that the warrant authorized
 only the seizure and arrest of the two men named in the warrant and a search of their vehicles for contraband, not to search for contraband in the house.  Maj. Op. at 6.  I respectfully disagree.  First, appellant made no complaint at trial or on appeal as to the officers’ authority to look for or seize any contraband from within the house, so we should not address that defect, if any.  
See
 
Tex. R. App
. P. 33.1; 
Abrego v. State
, 977 S.W.2d 835, 837 (Tex. App.—Fort Worth 1998, pet. ref’d).  Appellant only complains about the no-knock aspect of the entry.  Second, the warrant did authorize the search and seizure of any contraband in the house, not just from within the vehicles.  The warrant directs the officers to “search for the personal property described in said affidavit and to seize same.”  The affidavit, which is attached to the warrant, clearly identifies the contraband substance to be found, ecstasy, and that it would be found at the “suspected place and premises.”  I believe the majority has read the warrant too narrowly because it has ignored the language in the affidavit, which was clearly attached to the warrant.

Lastly, the majority uses the alleged erroneous search and seizure of the contraband as additional support for its conclusion that the no-knock entry was not even authorized under any exigent circumstances.  Because the warrant authorized, and the affidavit identified, the controlled substance to be seized from the vehicle or the house, this claimed deficiency fails.  The affiant and another officer testified to the justified fear for officer safety and the concern for the immediate destruction of the controlled substance without the no-knock entry.  
See, e.g., Patterson
, 138 S.W.3d at 648. 

For these reasons, I believe the no-knock entry was justified, even though it was not specifically authorized by this warrant.  Applying the appropriate standard of review, I would therefore conclude that the trial court properly denied appellant’s motion to suppress and affirm the trial court’s judgment.

TERRIE LIVINGSTON

JUSTICE

DO NOT PUBLISH

Tex. R. App. P.
 47.2(b)

DELIVERED:  March 9, 2006

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-04-249-CR

TONY DEMOND WRIGHT APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM THE 158TH
 DISTRICT COURT OF DENTON COUNTY

------------

CONCURRING OPINION

------------

I concur with the holding of the majority opinion, and with the dissent, that the warrant did not call for a no-knock entry.  I agree with the majority and disagree with the dissent, however, that no exigent circumstances occurred upon execution of the warrant that necessitated the no-knock entry.  I do not agree with the majority that the warrant did not call for a search of the residence.  It reads in part,  “[Y]ou are commanded to 
enter the suspected place
, arrest each said and described and accused persons in said Affidavit and seize each said vehicle described in said Affidavit 
and to there search for the personal property
 described in said Affidavit and 
to seize same. . . 
.”  [Emphasis added.]  The warrant also states that the Affidavit is made a part of the warrant, and an examination of the Affidavit clearly shows that the ecstasy is expected to be found in the “one story, single family residence located at 3503 Oriole St., Denton, Denton County, Texas.”  Therefore, a common sense reading of the warrant shows that a search of the residence is contemplated.  I further agree with the dissent that this issue was not preserved nor presented for our review.

In sum, I agree that the judgment of the trial court must be reversed and the case remanded because of the unauthorized no-knock entry, but I disagree that the scope of the warrant did not include the residence and that, in any event, this issue was not before us.  Consequently, for the reasons stated above, I respectfully concur.

BOB MCCOY

JUSTICE

DO NOT PUBLISH

Tex. R. App. P.
 47.2(b)

DELIVERED:  March 9, 2006

FOOTNOTES
1:
See 
Tex. R. App. P.
 47.4.

2:
Oles v. State
, 993 S.W.2d 103, 106 (Tex. Crim. App. 1999).

3:
Johnson v. State
, 68 S.W.3d 644, 652-53 (Tex. Crim. App. 2002); 
Guzman v. State
, 955 S.W.2d 85, 89 (Tex. Crim. App. 1997).

4:
See 
Richards v. Wisconsin, 
520 U.S. 385, 394-95, 117 S. Ct. 1416, 1421-22 (1997).

5:
Id.
 at 391, 117 S. Ct. at 1420 (quoting 
Wilson v. Arkansas
, 514 U.S. 927, 936, 115 S. Ct. 1914, 1919 (1995)).

6:
Armendariz v. State
, 123 S.W.3d 401, 404 (Tex. Crim. App. 2003), 
cert. denied,
 541 U.S. 974 (2004);
 State v. Ross
, 32 S.W.3d 853, 856 (Tex. Crim. App. 2000).  

7:
Adkins v. State
, 717 S.W.2d 363, 365-66 (Tex. Crim. App. 1986).

8:
See McNairy v. State,
 835 S.W.2d 101, 107 (Tex. Crim. App. 1991).

9:
See id.

10:
See Adkins
, 717 S.W.2d at 365-66.

1:
No objection to any of this hearsay testimony was made.

COMMENTS AND ANNOTATIONS
Comment 1:
MAJORITY BY DAUPHINOT, J.; DISSENT BY LIVINGSTON, J.; CONCUR BY MCCOY, J.