In The


Court of Appeals


Sixth Appellate District of Texas at Texarkana



______________________________



No. 06-06-00057-CR


______________________________




A. C. JONES, Appellant



V.



THE STATE OF TEXAS, Appellee




 


On Appeal from the 188th Judicial District Court


Gregg County, Texas


Trial Court No. 32314-A




 




Before Morriss, C.J., Carter and Moseley, JJ.


Memorandum Opinion by Justice Moseley



MEMORANDUM OPINION



 A. C. Jones appeals his conviction by a jury for delivery of morphine, a controlled substance. 
The State's evidence showed that Jones sold Lori Beasley more than one gram but less than four
grams of morphine. (1) Beasley was acting covertly on behalf of the Gregg County Organized Drug
Enforcement Unit in order to avoid prosecution on at least one possession of a controlled substance
charge and "help" with a driving while intoxicated charge. In addition, Beasley was paid cash for
her cooperation. Jones admitted giving Beasley the morphine, which had been prescribed to Jones's
mother before Jones's mother passed away, and he admitted to having accepted money from Beasley,
but also testified that Beasley induced him to sell her the morphine by plying him with sexual favors. 
The jury rejected Jones's defense of entrapment and found him guilty. Jones pleaded true to the
enhancements, and the jury assessed punishment at fifty years' imprisonment. On appeal, Jones
argues that there was insufficient corroboration of the covert witness. We affirm the judgment of
the trial court.

 Article 38.141 of the Texas Code of Criminal Procedure requires that testimony of a person
who is not a licensed police officer or special investigator, but who is acting covertly on behalf of
the police, be corroborated by other evidence tending to connect the accused to the offense. Brown
v. State, 159 S.W.3d 703, 707 (Tex. App.--Texarkana 2004, pet. ref'd); see Tex. Code Crim. Proc.
Ann. art. 38.141 (Vernon 2005). The covert witness rule requires that the State produce some
evidence other than the covert witness's testimony which "tends to connect" the accused to the
commission of the offense alleged in the indictment. Brown, 159 S.W.3d at 707-08. 

 This Court has found the interpretations of Article 38.14 of the Texas Code of Criminal
Procedure relating to accomplice-witness testimony to be persuasive and applicable to Article
38.141. Brown, 159 S.W.3d at 707; see Torres v. State, 137 S.W.3d 191, 196 (Tex. App.--Houston
[1st Dist.] 2004, no pet.); Jefferson v. State, 99 S.W.3d 790, 793 (Tex. App.--Eastland 2003, pet.
ref'd); Young v. State, 95 S.W.3d 448, 451 (Tex. App.--Houston [1st Dist.] 2002, pef. ref'd);
Cantelon v. State, 85 S.W.3d 457, 461 (Tex. App.--Austin 2002, no pet.). Similar to accomplice
witnesses, covert witnesses may have incentives to lie or shade their testimony in favor of the State
and, therefore, such testimony should be viewed with a measure of caution. Brown, 159 S.W.3d at
707. 

 In our analysis of whether there is "other evidence" which tends to connect the accused with
the offense, we must eliminate all of the covert witness's testimony and determine whether the
remaining inculpatory facts and circumstances tend to connect the appellant to the offense. Id. Mere
presence at the scene is not enough to corroborate the accomplice testimony. Id. at 708; Torres, 137
S.W.3d at 196. However, presence of the accused at or near the scene of the crime at or about the
time of its commission, coupled with other suspicious circumstances, may be sufficient to tend to
connect the accused to the crime. Brown, 159 S.W.3d at 708. "Even apparently insignificant
incriminating suspicious circumstances may sometimes prove to be sufficient corroboration." Id.;
Torres, 137 S.W.3d at 196; see Munoz v. State, 853 S.W.2d 558, 559 (Tex. Crim. App. 1993);
Cantelon, 85 S.W.3d at 461. Cumulative evidence of "suspicious circumstances" may be sufficient
even if none of the circumstances would be sufficient individually. Cantelon, 85 S.W.3d at 460-61. 
The corroborating evidence does not need to prove all the elements of the alleged offense or directly
link the accused to the commission of the offense; the covert-witness rule merely requires some
evidence which tends to connect the accused to the offense. Jeffery v. State, 169 S.W.3d 439, 448
(Tex. App.--Texarkana 2005, pet. ref'd); see Torres, 137 S.W.3d at 196.

 A judicial confession by the accused may be sufficient to corroborate the testimony of a
covert witness even if the confession contains exculpatory assertions. See Jackson v. State, 516
S.W.2d 167, 171 (Tex. Crim. App. 1974) (judicial confession sufficient to corroborate accomplice
testimony despite defendant's testimony he acted in self-defense); see also Thompson v. State, 54
S.W.3d 88, 94 (Tex. App.--Tyler 2001, pet. ref'd). Jones admitted to accepting money from Beasley
in exchange for the morphine. In addition, a videotape (2) of the transaction between Jones and Beasley
was introduced into evidence. The videotape shows Beasley and Jones exchanging money and pills. 
The audio portion of the videotape includes a discussion of the morphine purchase. There is
sufficient corroboration of the covert witness's testimony. We overrule Jones's sole point of error.

 Because there is sufficient corroboration of the covert witness's testimony, we affirm Jones's
conviction.



 Bailey C. Moseley

 Justice


Date Submitted: November 22, 2006

Date Decided: February 1, 2007


Do Not Publish


1. Tex. Health & Safety Code Ann. § 481.114(b) (Vernon 2003).
2. We note three videotapes of drug transactions between Jones and Beasley were introduced
into evidence. The videotape which records Beasley purchasing morphine from Jones was recorded
on or about January 30, 2004. In a related appeal, Jones appeals a separate conviction for selling
Beasley Vicodin. See Jones v. State, cause number 06-06-00056-CR.


fy">Date Submitted:      November 2, 2005
Date Decided:         November 3, 2005

Do Not Publish