SUE WALKER, Justice,
dissenting.
I respectfully dissent. I would hold that the telephone call that juror Angel Aguil-era received from his doctor’s office during the jury’s deliberations informing Aguilera that his daughter had MRSA was not an “outside influence” that was improperly brought to bear on Aguilera. See Tex.R. Evid. 606(b). Accordingly, Aguilera’s testimony concerning the telephone call and its effect on his emotions or its influence on him to assent to the verdict so that he could leave the courthouse and go be with his daughter were not admissible under rule of evidence 606(b), and the trial court did not abuse its discretion by denying Appellant Wilkie Schell Colyer, Jr.’s motion for new trial based on jury misconduct. See id.
Rule 606(b) provides that a juror may not testify about “any matter or statement occurring during the jury’s deliberations, or to the effect of anything on any juror’s mind or emotions or mental processes, as influencing any juror’s assent to or dissent from the verdict or indictment.” Id. But the rule provides an exception permitting a juror to testify “whether any outside influence was improperly brought to bear upon any juror.” Id.
Under Rule 606(b), the telephone call received by juror Aguilera is not, as a matter of law, an outside influence that affected the validity of the verdict; it was a personal pressure on juror Aguilera to end the deliberations so that he could be with his daughter, not information or evidence obtained from outside the jury room or courtroom that influenced juror Aguil-era’s belief of whether or not Appellant was guilty. Compare McQuarrie v. State, 380 S.W.3d 145, 154 (Tex.Crim.App.2012) (holding, in case where defendant allegedly used date rape drugs to effectuate rape of complainant, that juror’s at-home internet research on date rape drugs that was relayed to the jury the next morning was outside influence so that jurors’ testimony and affidavits were admissible at motion for new trial hearing alleging jury misconduct), and Jennings v. State, 107 S.W.3d 85, 90 (Tex.App.-San Antonio 2003, no pet.) (finding juror misconduct when juror changed vote from “not guilty” to “guilty” *284 because of jurors’ agreement to be bound to vote in accordance with longer of two lists of facts making defendant guilty and not guilty), with Editorial Caballero, S.A. de C.V. v. Playboy Enters., Inc., 359 S.W.3d 318, 325 (Tex.App.-Corpus Christi 2012, pet. denied) (“Personal pressures felt by jurors to wrap up the deliberations do not constitute outside influences.”), Rosell v. Cent. W. Motor Stages, Inc., 89 S.W.3d 643, 660-61 (Tex.App.-Dallas 2002, pet. denied) (reasoning that bailiff informing jury that it would have to deliberate another day unless a decision was reached was neutral information that would not persuade a juror to decide the case in any particular manner), and Kirby Forest Indus., Inc. v. Kirkland, 772 S.W.2d 226, 234 (Tex.App.-Houston [14th Dist.] 1989, writ denied) (holding testimony of two jurors that they changed their votes because of pressures to return to work was inadmissible because such pressures were not outside influences within the meaning of rule 606(b) and rule of civil procedure 327).[1]
Although juror Aguilera changed his vote to “guilty” in order to end the deliberations after he received the call from his doctor’s office, he merely succumbed to personal pressures on his mind and emotions — he was not persuaded concerning the guilt or innocence of Appellant by information he received from outside the jury room and the courtroom. Consequently, because juror Aguilera’s testimony did not fall within the “outside influence” exception to rule 606(b), it was inadmissible and could not have been proof of juror misconduct.[2] To hold otherwise, as the Majority Opinion does, is to transform the normal pressures of jury service experienced to some degree by all jurors into outside influences constituting jury misconduct. See Kirby Forest Indus., Inc., 772 S.W.2d at 234. As the Houston Fourteenth court explained in Kirby Forest Industries, regarding pressures on jurors to return to work,
[T]his seems to be an unfortunate aspect of the jury system about which little can be done. There are always pressures not only from employers but also family, recreation and personal preferences of jurors. We do not consider these normal pressures to be an outside influence within the meaning of the rules. Were *285 they to be considered an outside influence, few verdicts would stand.

Id.

I would hold that the trial court did not abuse its discretion by denying Appellant’s motion for new trial. Because the majority does not, I respectfully dissent.

. Although civil in nature, these cases interpret and apply in rule 606(b), which is applicable in both criminal and civil cases. The Texas Court of Criminal Appeals has relied upon the Texas Supreme Court's interpretation of rule 606(b), and likewise, we will rely on our sister courts’ interpretations as persuasive authority here. See, e.g., McQuarrie, 380 S.W.3d at 164 (“In 1998, when the civil and criminal evidentiary rules were merged, Rule 606(b), as promulgated by the Texas Supreme Court, became applicable to criminal cases as well as civil cases. Our interpretation and application of [rule 606(b) ] should follow that of our state supreme court.”) (Cochran, J., dissenting); Jeffery v. State, 169 S.W.3d 439, 443 (Tex.App.-Texarkana 2005, pet. ref'd) (noting that decisions of other appellate courts may be relied upon as persuasive, but not binding, authority).

. The majority holds that rule 606(b) does not apply to the juror's testimony at the hearing on the motion for new trial because the State did not object to it; but the State did assert rule 606(b) objections several times throughout the hearing and even began the hearing by voicing its opposition to having any hearing at all because rule 606(b) prohibited the evidence that defense counsel sought to introduce. [rr4:5-6] Thus, the applicability of rule 606(b) to juror Aguilera's testimony was before the trial court and is before us. Cf. Brantley v. State, 48 S.W.3d 318, 329 (Tex.App.-Waco 2001, pet. ref'd) (refusing to apply rule 606(b), although noting that testimony would have been inadmissible under that rule, when the State — unlike the State here — failed to raise any objection on that basis at the trial level).