Wiley Neil PATTERSON, Appellant

v.

The STATE of Texas, Appellee.

No. 05–03–00607–CR.

Court of Appeals of Texas,
Dallas.

July 8, 2004.

John G. Tatum, Richardson, for Appellant.

Christina O'Neil, William T. (Bill) Hill, Jr., Dallas, for State.

Before Chief Justice THOMAS and Justices MORRIS and O'NEILL.

## OPINION

Opinion by Chief Justice THOMAS.

A jury convicted Wiley Neil Patterson of possession with intent to deliver methamphetamine and found that he used or exhibited a deadly weapon during the offense. Appellant alleges trial court error in connection with the deadly weapon finding; jury charge; improper jury argument; denial of his request to discover the informant's identity; rulings on the admission and exclusion of evidence; and denial of his motion for mistrial. Appellant also challenges the legal and factual sufficiency of the evidence. We modify the judgment to delete the deadly weapon finding, and we affirm the trial court's judgment as modified.

## FACTUAL BACKGROUND

Appellant was arrested when the Irving Police Department executed a "no knock" search warrant at his residence in the early-morning hours. The police found appellant asleep with a loaded gun under his pillow. Approximately 990 grams of methamphetamine were seized from a cabinet at the foot of appellant's bed and from a dresser drawer in the room. Appellant signed a "Voluntary Statement" stating that he was responsible for the "speed" found when he was arrested.

## DEADLY WEAPON FINDING

In the first five issues, appellant complains of the deadly weapon finding. Initially, he argues the trial court erred in overruling his request for additional time to prepare for trial, submitting a deadly weapon issue to the jury, and in entering a deadly weapon finding. The basis for appellant's complaints is that the State failed

to provide adequate notice because it filed its notice of intent to seek such a finding on the day of trial. We agree; therefore, we sustain issues one through three.

■ Under article I, section 19 of the Texas Constitution, an accused is "entitled to notice in some form that the use of a deadly weapon will be a fact issue at the time of prosecution." *Ex parte Beck,* 769 S.W.2d 525, 526 (Tex.Crim.App.1989). The notice need not be included in the indictment, *Ex parte Patterson,* 740 S.W.2d 766, 776 (Tex.Crim.App.1987); however, it must be in writing. *Ex parte Brooks v. State,* 847 S.W.2d 247, 248 (Tex. Crim.App.1993). Failure to give any notice is fundamental error and requires that the deadly weapon finding be excluded from the judgment. *Patterson,* 740 S.W.2d at 778.

■ It is undisputed that the State did not provide written notice of its intent to seek a deadly weapon finding until the day the case was set for trial; in fact, the record reflects that appellant received notice less than twenty minutes before jury selection began. There is no suggestion that appellant had any prior notice that the State would seek a deadly weapon finding, and there is nothing in the indictment about a deadly weapon being used.[1] Further, the record clearly shows that the trial court overruled appellant's objection to the untimely notice and his request for additional time to prepare for trial.

Neither the Texas Legislature nor the Texas Court of Criminal Appeals has indicated exactly when such notice must be

given. We note, however, that at least one court of appeals has stated that a notice faxed on the Friday before a Monday morning trial was "inadequate" as a result of its timing and the inadequacy of its wording. *See Hocutt v. State,* 927 S.W.2d 201, 204 (Tex.App.-Fort Worth 1996, pet. ref'd). In that case the court stated "our review of this issue leads us to conclude that the adequacy of such notice depends largely upon the specific facts of a given trial." *Id.* at 203.

Like our sister court of appeals, we decline to adopt a definitive rule requiring a minimum period of time necessary for the State to provide adequate notice. We conclude, however, under the facts of this case, giving notice twenty minutes before jury selection begins is tantamount to no notice. Thus, the trial court erred in entering a deadly weapon finding.[2]

■ To the extent such an analysis is necessary, we next consider whether appellant was harmed by the lack of notice. *See Cain v. State,* 947 S.W.2d 262, 264 (Tex.Crim.App.1997) ("Except for certain federal constitutional errors labeled by the United States Supreme Court as 'structural,' no error ... is categorically immune to a harmless error analysis."). Providing no notice is constitutional error. *See Ex parte Minott,* 972 S.W.2d 760, 762 (Tex. Crim.App.1998). Thus, we must reverse unless we determine beyond a reasonable doubt that the error did not contribute to punishment. *See* Tex.R.App. P. 44.2(a).

■ In this case, we conclude appellant was harmed by receiving no notice because

---

1. The indictment provides in relevant part that appellant did "intentionally and knowingly possess with intent to deliver a controlled substance...."

2. In reaching this conclusion, we are aware that an appeal to this Court in a factually similar case reached a different result. *See*

*Nolasco v. State,* 970 S.W.2d 194, 197 (Tex. App.-Dallas 1998, no pet.). However, unlike appellant in this case, the defendant in *Nolasco* did not request a continuance to prepare against the new allegation, leaving the *Nolasco* panel to conclude that such a failure defeated any due process claim. *Id.*

an affirmative finding was made. While the finding did not operate to lengthen appellant's sentence, it did impact the "character" of the punishment in that it affected his parole eligibility. Accordingly, pursuant to *Patterson,* we modify the judgment to delete the deadly weapon finding. *Patterson,* 740 S.W.2d at 778. Because resolution of issues one through three is dispositive of the deadly weapon complaints, it is unnecessary to address issues four and five. *See* TEX.R.APP. P. 47.1.

## MOTION TO SUPPRESS

Appellant also contends that the trial court erred in denying his motion to suppress because (1) there was insufficient probable cause to authorize the issuance of the warrant and (2) there was no justification to authorize a "no knock" search. Our role in reviewing these complaints is well settled. *See Illinois v. Gates,* 462 U.S. 213, 238, 103 S.Ct. 2317, 76 L.Ed.2d 527 (1983); *Ramos v. State,* 934 S.W.2d 358, 362–63 (Tex.Crim.App.1996); *State v. Wester,* 109 S.W.3d 824, 826 (Tex.App.-Dallas 2003, no pet.).

█ The affidavit in this case provides in relevant part that the confidential informant had given reliable information to the officer on more than two prior occasions, had been in the premises to be searched within the last forty-eight hours, had seen methamphetamine at the location, was familiar with methamphetamine from his/her experience as a user, and the methamphetamine was being sold. We have previously held that such statements in an affidavit furnish probable cause for the issuance of a search warrant. *See Hammond v. State,* 898 S.W.2d 6, 8 (Tex.App.-Dallas 1995, no pet.).

█ Appellant further argues that the evidence did not justify the entry without an announcement. We disagree. The Fourth Amendment does not require the police to knock and announce in all cases. *Richards v. Wisconsin,* 520 U.S. 385, 395, 117 S.Ct. 1416, 137 L.Ed.2d 615 (1997). Specifically, police may make an unannounced entry if they have reasonable suspicion that the particular circumstances present a threat of physical violence or a likelihood that evidence will be destroyed. *Id.* This showing is not high, but the police are required to make it whenever the reasonableness of a "no knock" entry is challenged. *Id.* In this case, an officer testified that a confidential informant told him there were knives in the house as well as surveillance equipment, which allowed the outside of the house to be monitored. Under these circumstances, the police could have reasonably suspected that there was a threat to the officers' safety. *See Stokes v. State,* 978 S.W.2d 674, 677 (Tex.App.-Eastland 1998, pet. ref'd). We overrule issue six.

## DISCLOSURE OF CONFIDENTIAL INFORMANT

Appellant next complains that the trial court erred in refusing to order the State to disclose the identity of its confidential informant. The rules of evidence grant the State a privilege not to disclose the informant's identity. TEX.R. EVID. 508(a). An exception to the privilege arises when it appears that an informer may be able to give testimony necessary to a fair determination of a material issue on guilt or innocence. TEX.R. EVID. 508(c)(2); *see Bodin v. State,* 807 S.W.2d 313, 318 (Tex.Crim. App.1991).

█ Appellant sought the informant's identity to explore the justification for the "no knock" search warrant. This is not a material issue relating to a fair determination of an issue of guilt or innocence and thus is not the purpose for which the rule

permits disclosure of the informant's identity. Appellant points to no evidence that the informant was present during the execution of the warrant and the arrest or that he had any information that would be relevant to appellant's guilt or innocence. The argument that the informant could have identified other occupants who "could have been responsible for the contraband" was nothing more than mere conjecture or supposition unsupported by any evidence. Therefore, we conclude that appellant failed to carry the threshold burden of making a plausible showing of how the informant's information may be important. Accordingly, we overrule the seventh issue.

### JURY CHARGE—LESSER–INCLUDED OFFENSE

■ Appellant challenges the trial court's refusal to submit an instruction on the lesser-included offense of possession of one to four grams of methamphetamine. The test for determining when it is necessary to submit a charge on a lesser-included offense is set out in *Rousseau v. State*, 855 S.W.2d 666, 672 (Tex.Crim.App.1993). We are directed to no evidence from which a jury could rationally conclude that appellant was guilty only of possession. This is especially true because appellant signed a statement taking responsibility for all of the methamphetamine. *See Royster v. State*, 622 S.W.2d 442, 447 (Tex.Crim.App. 1981). We overrule issue eight.

■ Appellant next contends that the trial court erred in submitting the lesser-included offense of possession with intent to deliver a smaller amount of the controlled substance than was alleged in the indictment. He argues that the submission of the lesser offense lowered the State's burden of proof. Appellant, however, cites no authority for this proposition. Therefore, this issue is inadequately briefed and presents nothing for review. *See* Tex.R.App. P. 38.1(h); *see also Rocha v. State*, 16 S.W.3d 1, 20 (Tex.Crim.App. 2000); *Billy v. State*, 77 S.W.3d 427, 429 (Tex.App.-Dallas 2002, pet. ref'd). We overrule issue nine.

### IMPROPER JURY ARGUMENT

■ Appellant argues that the trial court erred by overruling his objection to the prosecutor's statement that, "They went in because they expected to find, and in fact did find, a large quantity of methamphetamine, one kilo." Based upon the evidence admitted during the trial, we conclude this statement constituted a reasonable inference from the evidence. Thus, it was within the scope of permissible jury argument. *See Walker v. State*, 664 S.W.2d 338, 340 (Tex.Crim.App.1984); *Ali v. State*, 742 S.W.2d 749, 758 (Tex.App.-Dallas 1987, pet. ref'd). We overrule the tenth issue.

### SUFFICIENCY OF THE EVIDENCE TO SUPPORT CONVICTION

■ Appellant next asserts that the evidence was legally and factually insufficient to support the conviction. To support a conviction for unlawful possession of a controlled substance, the State must prove that (1) appellant exercised care, control, or management over the contraband; and (2) he knew the material possessed was contraband. *King v. State*, 895 S.W.2d 701, 703 (Tex.Crim.App.1995); *Porter v. State*, 873 S.W.2d 729, 732 (Tex. App.-Dallas 1994, pet. ref'd). The "intent to deliver" element may be proved by circumstantial evidence, such as the quantity of drugs possessed, the manner of packaging, and the presence of the accused on the premises. *Taylor v. State*, 106 S.W.3d 827, 831 (Tex.App.-Dallas 2003, no pet.); *Smith v. State*, 737 S.W.2d 933, 941 (Tex. App.-Dallas 1987, pet. ref'd). Further, in-

tent to deliver is a question of fact for the jury to resolve, and it may be inferred from the acts, words, or conduct of the accused. *Taylor* 106 S.W.3d at 831; *Avila v. State,* 15 S.W.3d 568, 573 (Tex.App.-Houston [14th Dist.] 2000, no pet.). Reviewing the evidence by well-established standards, we conclude it is both legally and factually sufficient. *See Jackson v. Virginia,* 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979) (legal sufficiency); *Zuniga v. State,* No. 539–02, —— S.W.3d ——, ——, 2004 WL 840786 at *7 (Tex. Crim.App. Apr.21, 2004) (factual sufficiency).

■ The evidence established that the police executed a search warrant at appellant's residence and seized 990 grams of methamphetamine. It is undisputed that appellant was one of the persons in control of the premises and that he signed a statement saying that he was "responsible for the speed found at my house." Appellant was found asleep in the room with the contraband at the time the search warrant was executed. The methamphetamine was nearby and accessible to him, and there was a crack pipe near him. He made affirmative statements that there was "crank," a term for methamphetamine, in the room. Additionally, the testimony established that the amount of drugs recovered was normally possessed for delivery and sale, not for personal use. There was also evidence of plastic bags, which were described as the type used to package the drug for sale, and scales of a type used to weigh the product for sale. Further, there was evidence of video-monitoring equipment for viewing persons at the entry of the premises and weapons found at the premises that were described as consistent with protecting the proceeds of the sale of the contraband. Under the evidence presented, a reasonable jury could have concluded beyond a reasonable doubt that ap-

pellant possessed methamphetamine with the intent to deliver the contraband. Further, the evidence presented was neither too weak nor was contrary evidence so strong that the factual sufficiency standard could not have been met. Accordingly, we overrule issues eleven and twelve.

## APPELLANT'S WRITTEN STATEMENT

■ Appellant argues that the trial court abused its discretion in overruling his objection to the admission of his written statement because it was involuntary and the officer authenticating the statement had not been disclosed as a witness prior to jury voir dire. We review a trial court's rulings regarding the admission or exclusion of evidence under an abuse of discretion standard. *Robbins v. State,* 88 S.W.3d 256, 260 (Tex.Crim.App.2002); *Tear v. State,* 74 S.W.3d 555, 558 (Tex. App.-Dallas 2002, pet. ref'd), *cert. denied,* 538 U.S. 963, 123 S.Ct. 1753, 155 L.Ed.2d 517 (2003). We will not disturb the ruling on appeal if it is within the zone of reasonable disagreement. *Robbins,* 88 S.W.3d at 260.

■ The statement recites that it is voluntary and it is signed by appellant. Defense counsel did not offer any evidence at the guilt or innocence phase of the trial. He points to nothing in the record to suggest that his statement was not voluntary other than the fact that he had been in custody for seven hours before he gave his statement. Delay in bringing an accused before a magistrate only renders a statement inadmissible upon a showing of some causal connection between the delay and the making of the statement. *Myre v. State,* 545 S.W.2d 820, 824 (Tex.Crim.App. 1977); *Thomas v. State,* 629 S.W.2d 112, 115 (Tex.App.-Dallas 1981), *aff'd,* 638 S.W.2d 481 (Tex.Crim.App.1982). There is ample evidence that appellant made a vol-

untary statement after being promptly warned of all his rights and thus there is no showing of a causal connection between any delay and the making of the statement.

■ Appellant next complains a witness was not disclosed. Appellant's statement was admitted during the testimony of Irving investigator Bryan Schutt, who merely described the circumstances of the taking of the statement and the details of the warnings given before the statement was taken. When appellant objected that he had been deprived of a chance to voir dire the jury panel about Officer Schutt, the court immediately inquired as to whether appellant was surprised and whether he needed more time. Appellant did not claim surprise or request any delay or continuance to prepare for the witness's cross-examination. He acknowledged receipt of a copy of the statement indicating Schutt's name and badge number two months before the trial.

■ This complaint is also reviewed under an abuse of discretion standard. *See Bridge v. State,* 726 S.W.2d 558, 566 (Tex.Crim.App.1986); *Garcia v. State,* 833 S.W.2d 564, 570 (Tex.App.-Dallas 1992), *aff'd,* 868 S.W.2d 337 (Tex.Crim.App.1993). Based upon this record, we cannot say that the trial court abused its discretion in admitting this officer's testimony. We overrule the thirteenth issue.

## EXPERT TESTIMONY BY POLICE OFFICER

Appellant argues that the trial court erred by allowing a police officer to testify as an expert about narcotics trafficking. This Court has previously rejected a similar argument involving the same witness. *See Taylor v. State,* 106 S.W.3d at 832–33. Again, we conclude the trial court did not err in admitting this expert testimony. Accordingly, we overrule issue fourteen.

## DENIAL OF MOTION FOR MISTRIAL

■ In his final issue, appellant argues the trial court erred in overruling his motion for mistrial based on a question posed by the prosecutor. A trial court's denial of a mistrial is reviewed under an abuse of discretion standard. *Wood v. State,* 18 S.W.3d 642, 648 (Tex.Crim.App. 2000). A mistrial is a remedy appropriate for a narrow class of highly prejudicial and incurable errors. *Id.; Ladd v. State,* 3 S.W.3d 547, 567 (Tex.Crim.App.1999). A mistrial is required only when the impropriety is clearly calculated to inflame the minds of the jury and is of such a character as to suggest the impossibility of withdrawing the prejudicial impression produced in the minds of the jury. *Brown v. State,* 92 S.W.3d 655, 661 (Tex.App.-Dallas 2002), *aff'd,* 122 S.W.3d 794, *cert. denied,* —— U.S. ——, 124 S.Ct. 1678, 158 L.Ed.2d 359 (2004). The asking of an improper question will seldom call for a mistrial because, in most cases, any harm can be cured by an instruction to disregard. *Wood,* 18 S.W.3d at 648.

■ In this case, the State elicited testimony from a witness that he told appellant he was charged with possessing approximately two pounds of methamphetamine. Then the prosecutor asked, "Did he at any time indicate, you know, 'only part of the two pounds was mine'?" The trial judge sustained an objection that this question was improper, instructed the jury to disregard the question, and denied a motion for mistrial. No answer was given by the witness to the question. Based upon this record, we conclude the trial court did not abuse its discretion in denying a mistrial. We overrule appellant's fifteenth issue.