# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

### NO. 03-04-00285-CR

**Elliot Dwayne Brooks, Appellant**

**v.**

**The State of Texas, Appellee**

### FROM THE DISTRICT COURT OF TOM GREEN COUNTY, 51ST JUDICIAL DISTRICT
### NO. A-03-0916-S, HONORABLE TOM GOSSETT, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

After the trial court denied his motion to suppress evidence and motion to disclose the identity of a confidential informant, appellant Elliott Dwayne Brooks was convicted by a jury of possession of cocaine with the intent to deliver. *See* Tex. Health & Safety Code Ann. § 481.112(d) (West 2003). The trial court found that appellant had been previously convicted of a felony offense for enhancement purposes and assessed punishment at forty-five years' confinement in the Texas Department of Criminal Justice, Institutional Division. On appeal, in six issues, appellant challenges the denial of the motions to suppress evidence and to disclose the informant, and the legal and factual sufficiency of the evidence to support his conviction. Because the evidence is legally and factually sufficient and the trial court did not abuse its discretion in denying the motions, we affirm the judgment of conviction.

## FACTUAL BACKGROUND

On July 2, 2003, San Angelo Police Detective Butch James, a member of the Rio Concho Drug Task Force, received information from a paid confidential informant that he had observed appellant, whose name he did not know, in possession of crack cocaine in a pick-up truck. The informant described appellant as a six-foot tall, three-hundred-pound black male with his hair styled in cornrows. He informed the detective that appellant was wearing a light-colored shirt with the sleeves cut out; was driving an older model, dark brown Chevrolet pick-up truck; and could be found at a certain address where the informant had observed appellant and the truck. When the detective arrived at the location approximately an hour later, he saw the described truck backed up in the driveway. As the detective conducted surveillance, he observed an individual, who fit the description given by the informant, along with two other, smaller black males at the residence. Appellant then got into the dark brown truck and drove away.

Shortly thereafter, James called his dispatch to request that a marked patrol unit stop appellant's vehicle. He continued following appellant's vehicle. Arriving at the scene with a trained narcotics dog, San Angelo Police Sergeant Tim Vasquez pulled appellant's vehicle over. James explained to appellant the reason for his stop, and Vasquez patted him down for possible weapons. Appellant consented to a search of his person. James discovered two baseball-size "wads" of money in various denominations in the pockets of appellant's pants.

Vasquez commenced a canine search of the exterior of the vehicle, and the dog alerted to the driver's door. The officers then conducted a search of the vehicle, finding a small rock and some grains of crack cocaine by the driver's seat belt, numerous denominations of bills in the

2

glove box and pockets of the seat cover, a black eyeglass case containing rocks of crack cocaine, a razor blade attached to the driver's side sun visor, ziplock bags in appellant's wallet, and a loaded firearm under the hood of the truck.

Appellant was indicted for possession of cocaine in an amount of more than four grams but less than two hundred grams with intent to deliver it, and for unlawful possession of a firearm by a felon. The jury convicted appellant on the drug charge and acquitted him on the firearm charge.

## DISCUSSION

### *Motion to Suppress*

Appellant first contends that the trial court erred in denying his motion to suppress because the warrantless stop and search of appellant's vehicle were conducted without reasonable suspicion or probable cause and, therefore, violated the Fourth Amendment of the United States Constitution. *See Illinois v. Gates*, 462 U.S. 213, 238 (1983); *Terry v. Ohio*, 392 U.S. 1, 30-31 (1962).

In cases where the Supreme Court has reviewed investigatory stops, part of its analysis in evaluating the totality of circumstances has included the reliability of the informant. *Florida v. J.L.*, 529 U.S. 266, 271 (2000); *Adams v. Williams*, 407 U.S. 143, 146-47 (1972). The information provoking the officer's suspicions need not be based on his own personal observations, but may be based on an informant's tip that bears sufficient "indicia of reliability" to justify a stop. *Adams*, 407 U.S. at 147; s*ee also Carmouche v. State*, 10 S.W.3d 323, 328 (Tex. Crim. App. 2000).

3

In *Adams*, such "indicia" was shown by evidence that the informant was known to the officer personally, the informant had provided the officer with information in the past, and the informant risked arrest for making a false complaint if the officer's investigation proved the tip incorrect. 407 U.S. at 146-47.

The testimony at the hearing on the motion to suppress and at trial established that the confidential informant had given reliable information to the officer on more than two prior occasions and had observed cocaine in the vehicle that was the subject of the stop several hours before. He provided sufficiently detailed information to the detective to identify appellant and the vehicle to be searched. The information given by the informant was neither imprecise in its description of the appellant nor vague about the kind of criminal activity. The stop of appellant's vehicle was based on the informant's reliable tip.

Because the officers received the information from a known, credible, and reliable informant and then corroborated some of the information with limited surveillance, the officers possessed sufficient information, when viewed as a whole, to provide them with reasonable suspicion for the stop. *See Alabama v. White*, 496 U.S. 325 (1990) (anonymous tip, describing woman and car that would carry cocaine at specified time, was sufficient under "totality of circumstances" to constitute reasonable cause). As in *Carmouche*, we conclude that the warrantless stop of the truck was constitutionally justified based upon the informant's tip that appellant was transporting cocaine, the informant's previous history of providing reliable information to authorities and to this officer in particular, and the observations made by the officer that served to corroborate the information. *See* 10 S.W.3d at 328.

Moreover, the positive alert by the narcotics dog conducting a "free air" sniff gave the officers probable cause to search the vehicle. Even if the informant's information was insufficient to give the officers probable cause to search the vehicle, appellant does not claim that he was unduly detained to await the arrival of an investigative canine unit. Officer Vasquez, a supervisor of the canine unit, was prepared to conduct a canine sniff when he executed the stop. The officer allowed his trained narcotics dog to sniff around the vehicle to detect drugs. A sniff of the outside of a vehicle by a trained canine is not a search within the meaning of the Fourth Amendment. *Illinois v. Caballes,* __ U.S. __ (2005 U.S. LEXIS 769, at *7-8, Jan. 24, 2005); *Crockett v. State*, 803 S.W.2d 308, 310 n.5 (Tex. Crim. App. 1991). The information provided by the reliable informant coupled with the positive alert by the narcotics-detection dog provided the officers with probable cause to conduct the search of the vehicle. We overrule appellant's first issue.

### *Disclosure of Confidential Informant*

Appellant next complains that the trial court erred in refusing to order the State to disclose the identity of its confidential informant. The rules of evidence grant the State a privilege to not disclose the informant's identity. Tex. R. Evid. 508(a). An exception to the privilege arises when it appears that an informant may be able to give testimony necessary to a fair determination of a material issue on guilt or innocence. *Id*. at (c)(2); *Bodin v. State*, 807 S.W.2d 313, 318 (Tex. Crim. App. 1991). The defendant must satisfy a threshold burden of demonstrating that it is necessary to disclose the informant's identity, and he can fulfill this requirement by making a "plausible showing" of why the informant's testimony will be important. *Bodin*, 807 S.W.2d at 318.

The defendant cannot satisfy his burden with "mere conjecture or supposition unsupported by any evidence" about the possible relevancy of the informant's testimony. *Patterson v. State*, 138 S.W.3d 643, 649 (Tex. App.—Dallas 2004, no pet.).

At the pre-trial hearing and again at trial, the officers testified that the informant was not a party to any drug transaction, that he was not in the truck when a transaction took place, and that he had not been arrested or indicted and was not "cooperating" as part of a plea bargain. Appellant sought the disclosure of the informant's identity to explore what other individuals might have a connection to the drugs and possible evidence of appellant's "knowledge." The trial court denied appellant's motion for disclosure at the pre-trial hearing. Appellant urges that the trial court erred because he made a "plausible showing" that the disclosure of the informant's identity was necessary to a fair determination of guilt or innocence, based on the evidence that other individuals had used the vehicle, that there were fingerprints not belonging to the appellant on items of evidence, and that the informant would have the "only evidence of Appellant's knowledge."

We agree with the trial court that appellant failed to satisfy his burden of showing any necessity for the disclosure and also that appellant's argument—that the informant could have identified others responsible for the drugs—was nothing more than "mere conjecture or supposition unsupported by any evidence." *See Patterson*, 138 S.W.3d at 649. Appellant does not point to any testimony the informant could give that would be important to the case. Because he fails to sustain his threshold burden to demonstrate that the informant would be able to give testimony necessary to a fair determination of guilt or innocence, and because general discovery is not the purpose for which the rule permits disclosure of the informant's identity, we conclude that the trial court did not

abuse its discretion in denying appellant's motion for disclosure and in refusing to disclose the identity of the confidential informant. We overrule appellant's second issue.

***Sufficiency of the Evidence***

In four issues, appellant challenges the legal and factual sufficiency of the evidence. He urges that the evidence was insufficient to find that he knew of the existence of the cocaine in his vehicle and to find that he possessed cocaine with intent to deliver it. We hold that the evidence is sufficient.

To support a conviction for unlawful possession of a controlled substance, the State must prove that (1) appellant exercised care, control, or management over the contraband; and (2) he knew the material possessed was contraband. *King v. State*, 895 S.W.2d 701, 703 (Tex. Crim. App. 1995). The "intent to deliver" element may be proved by circumstantial evidence, such as the quantity of drugs possessed, the manner of packaging, and the presence of the accused on the premises where the drugs are located. *Patterson*, 138 S.W.3d at 649. Intent to deliver is a question of fact for the jury to resolve, and it may be inferred from the acts, words, or conduct of the accused. *Id*. at 650. When reviewing the conviction for legal sufficiency, we view all the evidence in a light most favorable to the State, and inquire whether any rational trier of fact could have found each of the elements of the crime beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319 (1979). In conducting a factual sufficiency review, we give deference to the jury verdict and determinations involving the credibility of witnesses, and inquire whether the evidence supporting the verdict is so

weak as to render the verdict clearly wrong and manifestly unjust. *Zuniga v. State*, 144 S.W.3d 477, 481-82 (Tex. Crim. App. 2004).

The evidence established that a search of appellant's pick-up truck resulted in the seizure of "substantial" quantities of crack cocaine, located in various places within the truck, including some in plain view and some on appellant's seatbelt. The cocaine was nearby and accessible to appellant. The testimony established that the amount of drugs recovered was normally possessed for delivery and sale, and "not for personal use." Detective James discovered "wads" of bills, in various denominations totaling $1897, located in appellant's pants and throughout the vehicle. The vehicle belonged to appellant, and he was the sole occupant when it was stopped.

A chemist testified that the grains of cocaine found in appellant's seat weighed 0.03 grams and that the rocks found in the eyeglass case weighed 32.21 grams. The detective testified that he had never seized in excess of two "rocks" from someone for personal use and that there was no paraphernalia in the truck indicating the drugs were for personal use. The detective testified that the razor on the visor and the ziplock bags in appellant's wallet were evidence of paraphernalia used to repackage and distribute drugs.

Reviewing the evidence by well-established standards, we conclude it is both legally and factually sufficient. *See Jackson*, 443 U.S. at 319; *Zuniga*, 144 S.W.3d at 481-82. Under the evidence presented, a reasonable jury could have concluded beyond a reasonable doubt that appellant possessed cocaine with the intent to deliver it. Moreover, the evidence presented was neither too weak, nor was the contrary evidence so strong, that the factual sufficiency standard could not have been met. Accordingly, we overrule appellant's issues three through six.

## CONCLUSION

Having overruled each of appellant's issues, we affirm the judgment of the trial court.

_____

Jan P. Patterson, Justice

Before Chief Justice Law, Justices Patterson and Puryear

Affirmed

Filed:   February 3, 2005

Do Not Publish