NO. 07-05-0338-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

SEPTEMBER 15, 2006

_____

WILLIE T. COX, JR.,

Appellant

v.

THE STATE OF TEXAS,

Appellee

_____

FROM THE 137TH DISTRICT COURT OF LUBBOCK COUNTY;

NO. 2004-407,585; HON. CECIL G. PURYEAR, PRESIDING

_____

***Memorandum Opinion***

_____

Before QUINN, C.J., and REAVIS and CAMPBELL, JJ.

Willie T. Cox, Jr., appeals his conviction for possessing a controlled substance with intent to deliver. His sole issue concerns the factual sufficiency of the evidence. He contends that the evidence failed to proved he committed the offense. We affirm.

***Background***

According to the evidence, appellant was arrested per an outstanding warrant in a motel room he had rented. Immediately before the arrest, he was engaged in a sexual

liaison with his female companion. The companion lay under the covers of the bed when the officers entered the room to seize appellant.

Upon the companion identifying herself, the officers discovered she too had an outstanding arrest warrant; so, she too was arrested.[1] Yet, because she was naked, the officers afforded her the opportunity to dress before being removed from the room. As she did so, the female reached under one of the pillows on the bed and secured what was later determined to be a controlled substance. Upon questioning by the officers, the female then moved the pillow to reveal additional controlled substances (cocaine and/or crack cocaine). The total amount of controlled substances discovered approximated 1.81 grams.

The officers also discovered, on the night stand by the bed, a one dollar bill rolled to resemble a narrow tube or straw. Rolling paper currency in such a fashion afforded those desirous of ingesting cocaine a means of "snort[ing]" the substance into their nose, according to one witness. However, no residue of contraband was found on the bill. Nor did anyone testify about whether appellant or his companion appeared or acted as if they had recently consumed drugs.

When the officers eventually searched appellant's car, they discovered a smoking pipe adjacent to the driver's seat. The pipe contained what appeared to be marijuana residue. No other contraband was found, however, either in the car or motel room. Nor did the officers find any cash (other than the one dollar bill), scales, or like items that someone vending controlled substances may use to facilitate such transactions.

---

[1]The name appellant's companion had given the officers was not hers. Thus, she was surprised to discover that she was wanted on an outstanding arrest warrant. Interestingly, there were no outstanding warrants linked to her actual name.

An officer testified that those purchasing cocaine in the area normally bought a $20 "rock." Such a "rock" weighed between .1 and .2 grams. Furthermore, that rock could be shaved down to $10 pieces or $5 pieces known as "crumbs."

### Issue - Factual Insufficiency

In his single issue, appellant contends that the evidence was factually insufficient to support his conviction.[2] This is so, according to appellant, because the State failed to prove he had 1) exercised care, custody and control over the substance with 2) the intent to deliver. We overrule each aspect of his contention.

*Standard of Review*

The standard of review applicable to allegations of factual insufficiency is well settled and need not be reiterated. Instead, we cite the parties to *Zuniga v. State*, 144 S.W.3d 477 (Tex. Crim. App. 2004) for a discussion of it.

Next, the State charged appellant with "knowingly possess[ing], with intent to deliver, a controlled substance listed in penalty group one, namely cocaine . . . ." To prove this offense, it had to show that appellant not only knowingly exercised care, custody or control over what he knew to be a controlled substance but also did so with the intent "to transfer [the substance], actually or constructively, to another . . . ." TEX. HEALTH & SAFETY CODE ANN. §481.002(8) (Vernon Supp. 2006). It is beyond doubt that circumstantial

---

[2]Though appellant denominated his issue as one questioning the factual sufficiency of the evidence, he repeatedly stated that "no" evidence established one or more of the elements. Such language smacks of a challenge focused upon the legal sufficiency of the evidence. Consequently, in assessing whether the evidence is factually sufficient to support the verdict, we will also determine whether it was legally sufficient as well.

evidence may be used to prove these elements.[3] *Patterson v. State*, 138 S.W.3d 643, 649 (Tex. App.–Dallas 2004, no pet.). And, that evidence may consist of such things as 1) the location of the evidence and its visibility, 2) whether the accused owned or exercised control of the premises whereat the substance was located, 3) the accessibility and proximity of the drugs to the accused, 4) the presence of drug paraphernalia on or by the accused, 5) the nature of the location at which the accused was arrested, 6) the quantity of contraband involved, 7) the manner of packaging, 8) the accused's possession of large amounts of cash, and 9) the accused's status as a drug user. *See Olivarez v. State*, 171 S.W.3d 283, 291 (Tex. App.–Houston [14th Dist.] 2005, no pet.) (discussing the affirmative links to show possession); *Williams v. State*, 902 S.W.2d 505, 507 (Tex. App.–Houston [1st Dist.] 1994, pet. ref'd) (discussing the factors that can be considered to determine the intent to deliver).

*Application of Standard*

That appellant rented the room, that he had drug paraphernalia in his car, that he was in very close proximity and had access to the drugs while in the room and cavorting on the bed, and that the object used to "snort" cocaine (*i.e.* the rolled-up dollar bill) lay in plain view by the bed are of import. To this we add the testimony that drug dealers often sell their wares from motel rooms and may not always have scales or packaging material with them. So too do we note that the amount of drugs within the room exceeded that which one would normally buy for personal use. Again, according to a witness, it was

---

[3]Given that circumstantial evidence may be used to prove guilt, appellant's repeated utterance in his brief that the State proffered no "direct" evidence satisfying the elements of the crime is of little import. Simply put, the State is not restricted to using "direct" evidence to secure a conviction.

common to sell $20 rocks weighing between .1 to .2 grams for personal use. Yet, appellant had in his presence 1.81 grams of cocaine, or enough to comprise between nine to eighteen rocks. And, these circumstances led at least two officers to opine, without objection and based on their training and experience, that the room was being used as an outlet for the sale of crack.

The sum total of the foregoing was some evidence upon which a rational jury could find, beyond reasonable doubt, that appellant knowingly possessed a controlled substance with the intent to deliver. And, while the evidence could have been stronger, it was not too weak, when considered in a neutral light, to support the verdict beyond reasonable doubt. Indeed, the quantity of drug present was most telling. Thus, we conclude that the evidence was both legally and factually sufficient to support the verdict.

The judgment of the trial court is affirmed.


Brian Quinn
Chief Justice

Do not publish.


5