NO. 07-05-0338-CR



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL D



SEPTEMBER 15, 2006


______________________________



WILLIE T. COX, JR., 



 Appellant


v.



THE STATE OF TEXAS, 



 Appellee

_________________________________



FROM THE 137TH DISTRICT COURT OF LUBBOCK COUNTY;



NO. 2004-407,585; HON. CECIL G. PURYEAR, PRESIDING


_______________________________



Memorandum Opinion


_______________________________



Before QUINN, C.J., and REAVIS and CAMPBELL, JJ. 

 Willie T. Cox, Jr., appeals his conviction for possessing a controlled substance with
intent to deliver. His sole issue concerns the factual sufficiency of the evidence. He
contends that the evidence failed to proved he committed the offense. We affirm. 

Background


 According to the evidence, appellant was arrested per an outstanding warrant in a
motel room he had rented. Immediately before the arrest, he was engaged in a sexual
liaison with his female companion. The companion lay under the covers of the bed when
the officers entered the room to seize appellant. 

 Upon the companion identifying herself, the officers discovered she too had an
outstanding arrest warrant; so, she too was arrested. (1) Yet, because she was naked, the
officers afforded her the opportunity to dress before being removed from the room. As she
did so, the female reached under one of the pillows on the bed and secured what was later
determined to be a controlled substance. Upon questioning by the officers, the female then
moved the pillow to reveal additional controlled substances (cocaine and/or crack cocaine). 
The total amount of controlled substances discovered approximated 1.81 grams.

 The officers also discovered, on the night stand by the bed, a one dollar bill rolled
to resemble a narrow tube or straw. Rolling paper currency in such a fashion afforded
those desirous of ingesting cocaine a means of "snort[ing]" the substance into their nose,
according to one witness. However, no residue of contraband was found on the bill. Nor
did anyone testify about whether appellant or his companion appeared or acted as if they
had recently consumed drugs. 

 When the officers eventually searched appellant's car, they discovered a smoking
pipe adjacent to the driver's seat. The pipe contained what appeared to be marijuana
residue. No other contraband was found, however, either in the car or motel room. Nor
did the officers find any cash (other than the one dollar bill), scales, or like items that
someone vending controlled substances may use to facilitate such transactions. 

 An officer testified that those purchasing cocaine in the area normally bought a $20
"rock." Such a "rock" weighed between .1 and .2 grams. Furthermore, that rock could be
shaved down to $10 pieces or $5 pieces known as "crumbs." 

Issue - Factual Insufficiency


 In his single issue, appellant contends that the evidence was factually insufficient
to support his conviction. (2) This is so, according to appellant, because the State failed to
prove he had 1) exercised care, custody and control over the substance with 2) the intent
to deliver. We overrule each aspect of his contention. 

 Standard of Review 


 The standard of review applicable to allegations of factual insufficiency is well settled
and need not be reiterated. Instead, we cite the parties to Zuniga v. State, 144 S.W.3d 477
(Tex. Crim. App. 2004) for a discussion of it.

 Next, the State charged appellant with "knowingly possess[ing], with intent to
deliver, a controlled substance listed in penalty group one, namely cocaine . . . ." To prove
this offense, it had to show that appellant not only knowingly exercised care, custody or
control over what he knew to be a controlled substance but also did so with the intent "to
transfer [the substance], actually or constructively, to another . . . ." Tex. Health & Safety
Code Ann. §481.002(8) (Vernon Supp. 2006). It is beyond doubt that circumstantial
evidence may be used to prove these elements. (3) Patterson v. State, 138 S.W.3d 643, 649
(Tex. App.-Dallas 2004, no pet.). And, that evidence may consist of such things as 1) the
location of the evidence and its visibility, 2) whether the accused owned or exercised
control of the premises whereat the substance was located, 3) the accessibility and
proximity of the drugs to the accused, 4) the presence of drug paraphernalia on or by the
accused, 5) the nature of the location at which the accused was arrested, 6) the quantity
of contraband involved, 7) the manner of packaging, 8) the accused's possession of large
amounts of cash, and 9) the accused's status as a drug user. See Olivarez v. State, 171
S.W.3d 283, 291 (Tex. App.-Houston [14th Dist.] 2005, no pet.) (discussing the affirmative
links to show possession); Williams v. State, 902 S.W.2d 505, 507 (Tex. App.-Houston [1st
Dist.] 1994, pet. ref'd) (discussing the factors that can be considered to determine the intent
to deliver). 

 Application of Standard

 That appellant rented the room, that he had drug paraphernalia in his car, that he
was in very close proximity and had access to the drugs while in the room and cavorting
on the bed, and that the object used to "snort" cocaine (i.e. the rolled-up dollar bill) lay in
plain view by the bed are of import. To this we add the testimony that drug dealers often
sell their wares from motel rooms and may not always have scales or packaging material
with them. So too do we note that the amount of drugs within the room exceeded that
which one would normally buy for personal use. Again, according to a witness, it was
common to sell $20 rocks weighing between .1 to .2 grams for personal use. Yet, appellant
had in his presence 1.81 grams of cocaine, or enough to comprise between nine to
eighteen rocks. And, these circumstances led at least two officers to opine, without
objection and based on their training and experience, that the room was being used as an
outlet for the sale of crack. 

 The sum total of the foregoing was some evidence upon which a rational jury could
find, beyond reasonable doubt, that appellant knowingly possessed a controlled substance
with the intent to deliver. And, while the evidence could have been stronger, it was not too
weak, when considered in a neutral light, to support the verdict beyond reasonable doubt. 
Indeed, the quantity of drug present was most telling. Thus, we conclude that the evidence
was both legally and factually sufficient to support the verdict.

 The judgment of the trial court is affirmed.


 Brian Quinn

 Chief Justice


Do not publish.
1. The name appellant's companion had given the officers was not hers. Thus, she was surprised to
discover that she was wanted on an outstanding arrest warrant. Interestingly, there were no outstanding
warrants linked to her actual name. 
2. Though appellant denominated his issue as one questioning the factual sufficiency of the evidence,
he repeatedly stated that "no" evidence established one or more of the elements. Such language smacks of
a challenge focused upon the legal sufficiency of the evidence. Consequently, in assessing whether the
evidence is factually sufficient to support the verdict, we will also determine whether it was legally sufficient
as well. 
3. Given that circumstantial evidence may be used to prove guilt, appellant's repeated utterance in his
brief that the State proffered no "direct" evidence satisfying the elements of the crime is of little import. Simply
put, the State is not restricted to using "direct" evidence to secure a conviction.