NO. 07-07-0152-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

SEPTEMBER 11, 2008
_____

ANGELA D. FRIAR, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE
_____

FROM THE 140TH DISTRICT COURT OF LUBBOCK COUNTY;

NO. 2006-413667; HONORABLE JIM BOB DARNELL, JUDGE
_____

Before CAMPBELL and HANCOCK and PIRTLE, JJ.

**MEMORANDUM OPINION**

Appellant, Angela D. Friar, was indicted for the offense of possession of a controlled substance, methamphetamine, with intent to deliver. The indictment also contained an enhancement paragraph alleging appellant had previously been convicted of a felony offense. Appellant pleaded guilty to the lesser-included offense of possession of a controlled substance, methamphetamine, of four grams or more but less than 200 grams and proceeded to trial before the court on the issue of intent to deliver. After a bench trial, appellant was found guilty of possession of a controlled substance with intent to deliver.

Appellant pleaded true to the enhancement paragraph and was sentenced to 30 years in the Institutional Division of the Texas Department of Criminal Justice. Through a single issue, appellant contends that the evidence was factually insufficient to sustain the trial court's judgment. We affirm.

Factual Background

Eric Harris of the Lubbock Police Department was conducting an investigation on a matter unrelated to appellant at a motel in Lubbock when he recognized appellant exiting a motel room. Harris was familiar with appellant and knew that the location he observed appellant at was considered an area where narcotics were known to be distributed and used. Appellant entered a vehicle and prepared to leave the motel with a passenger. After following the vehicle appellant was driving a short distance, Officer Harris observed two traffic violations and initiated a stop of the vehicle. Upon ascertaining the identity of the passenger in appellant's vehicle, Officer Harris learned that both appellant and the passenger had outstanding arrest warrants. He arrested both individuals and proceeded to conduct an inventory of the vehicle. Appellant and the passenger were transported to the Lubbock Police holding facility. During the inventory of the vehicle appellant was driving, the police found appellant's purse with identification, a letter admitted into evidence at trial, and a baggie with suspected methamphetamine residue. Also found in the car was another used baggie, several knives, and a pipe. When searched at the police holding facility, appellant was found to be hiding a baggie that contained approximately six grams of methamphetamine. After finding the methamphetamine on appellant's person, a search warrant was obtained for the motel room she was observed exiting. A search of the motel

2

room resulted in the discovery of additional baggies, both used and unused, two sets of scales, a pipe used for smoking methamphetamine and articles of personal clothing. The testimony at trial showed that the room had not been entered since appellant left prior to her arrest. The room was checked out to another individual, the girlfriend of appellant's son.

At trial, the State introduced all of the drugs and paraphernalia that had been seized. Additionally, the State introduced testimony from a handwriting expert who had obtained a handwriting exemplar from appellant. The expert testified that the letter seized from appellant's purse was in appellant's handwriting. Another witness for the State identified the letter as a type of ledger that one might expect to find when an individual was involved in the distribution of drugs. This same witness further testified that six grams of methamphetamine was an amount normally associated with distribution of methamphetamine and not personal use.

It is appellant's sole contention that the evidence produced at trial was not factually sufficient to sustain the trial court's judgment. We disagree.

Factual Sufficiency

When an appellant challenges the factual sufficiency of the evidence supporting her conviction, the reviewing court must determine whether, considering all the evidence in a neutral light, the jury was rationally justified in finding the appellant guilty beyond a reasonable doubt. See Watson v. State, 204 S.W.3d 404, 415 (Tex.Crim.App. 2006). When an appellate court conducts a review for legal sufficiency, the standard of review is

3

the same in a trial to the bench as in a jury trial.  See Price v. State, 902 S.W.2d 677, 679-80 (Tex.App.–Amarillo 1995, no pet.).  We will apply the same standard to a factual sufficiency review. See Davis v. State, No. 14-04-00484-CR, 2005 WL 2875122, at *2 (Tex.App. –Houston [14th Dist.] Nov. 3, 2005, no pet.) (not designated for publication); De La Cruz v. State, No. 13-98-656-CR, 1999 WL 812309, at *1 (Tex.App.–Corpus Christi Oct. 7, 1999, no pet.) (not designated for publication); Cordova v. State, No. 03-97-00831-CR, 1998 WL 830531, at *3 (Tex.App.–Austin Dec. 3, 1998, no pet.) (not designated for publication).  In performing a factual sufficiency review, we must give deference to the fact finder's determinations if supported by evidence and may not order a new trial simply because we may disagree with the verdict.  See Watson, 204 S.W.3d  at 417.  As an appellate court, we are not justified in ordering a new trial unless there is some objective basis in the record demonstrating that the great weight and preponderance of the evidence contradicts the verdict.  See id.  Additionally, an appellate opinion addressing factual sufficiency must include a discussion of the most important evidence that appellant claims undermines the verdict.  Sims v. State, 99 S.W.3d 600, 603 (Tex.Crim.App. 2003).

The evidence at trial consisted of the discovery of a baggie containing six grams of methamphetamine on appellant's person.  Further, there was the expert testimony of the handwriting expert that opined that the letter was in appellant's handwriting.  Later, another police officer, with over 20 years experience in drug trafficking, testified that the letter was typical of the type of ledger maintained by someone dealing in drugs on the street level. Additionally, there was a municipal court citation in appellant's name found in the motel room.  Finally, a substantial amount of drug paraphernalia was located in the motel room

that appellant was observed leaving. There was also appellant's admission that she had, in fact, been staying in the motel room.

In applying the facts of this case to the standard of review for factual sufficiency, we note that intent to deliver may be proven by circumstantial evidence. Patterson v. State, 138 S.W.3d 643, 649 (Tex.App.–Dallas 2004, no pet.). The determination of intent is a fact question for the fact finder to resolve. Id. At 650. Additionally, the testimony of the officer with over 20 years experience in drug trafficking regarding the amount of drugs found on appellant and, more importantly, the inference that this was indicative of distribution further solidifies the fact finder's conclusion that appellant was guilty of possession with intent to deliver. See Robinson v. State, 174 S.W.3d 320, 331 (Tex.App. –Houston [1st Dist.] 2005, pet. ref'd). The fact finder in this case, the trial judge, listened to all the evidence and resolved this issue against appellant. After reviewing all of the evidence in a neutral light and giving due deference to the factual determinations of the fact finder, we cannot say that the trial court acted irrationally in finding appellant guilty of possession with intent to deliver. Watson, 204 S.W.3d at 415.

In completing our factual sufficiency review, we are required to discuss the most important evidence that appellant says undermines the fact finder's verdict. Sims, 99 S.W.3d at 603. Appellant contends that the fact that the room at the motel was rented in the name of the girlfriend of appellant's son casts a shadow of doubt on the trial court's determination. However, there was no evidence that at any time during the operative period the girlfriend was seen at the room nor was any of the other evidence found in the room linked directly to the girlfriend. Accordingly, the trial court was allowed to make

5

reasonable inferences from the evidence produced at trial about who was in control of the room and was present when or shortly before the contraband was discovered. See Patterson, 138 S.W.3d at 649. Further, although the appellant makes contentions that the letter found in appellant's purse was more indicative of being the recipient of the letter instead of the author and, therefore, a user instead of a dealer, the expert testimony was that appellant authored the letter. When this is considered with the testimony of the other officer regarding the amount of methamphetamine found on appellant, the inference of intent to distribute drugs is even stronger. Robinson, 174 S.W.3d at 331. Accordingly, we overrule appellant's sole issue.

## Conclusion

Having overruled appellant's issue, we affirm the judgment of the trial court.


Mackey K. Hancock
Justice


Do not publish.

6