Affirmed and Memorandum Opinion
filed March 31, 2011.

 

In
The

Fourteenth
Court of Appeals



NOS. 14-10-00205-CR

        & 14-10-00206-CR



Jonathan
Brandon Henry, Appellant 

v.

The State of
Texas, Appellee 



On Appeal from
the 182nd District Court

Harris County, Texas

Trial Court
Cause Nos. 1199676 & 1229096



 

MEMORANDUM OPINION 

Appellant Jonathan Brandon Henry, in a single issue,
challenges the sufficiency of the evidence to support his conviction for
possession of a controlled substance with intent to deliver.  We affirm.

Factual and Procedural
Background

Appellant was indicted for the felony offense of
possession of a controlled substance with intent to deliver, to which appellant
entered a plea of “not guilty.”[1] 
Appellant waived his right to a jury trial. 

At a bench trial, the State presented evidence from a
police officer who had conducted a narcotics investigation in which two
confidential informants arranged to purchase crack cocaine from appellant. 
According to the officer’s testimony, the two informants had purchased
narcotics from appellant in the past.  Pursuant to the investigation and in
cooperation with the officer, the informants contacted appellant and arranged
to meet at a convenience store.

The officer testified that before the scheduled
meeting, he performed a search of the informants for contraband and currency
and found none.  The officer provided the informants with $400 from police
funds; the serial numbers from those bills had been photocopied to ensure subsequent
identification.  The officer fitted one of the informants with an audio
recording device.  The officer then directed the informants to stand in front
of the convenience store so that the officer could keep them in his sight.  The
officer pulled across the street where he could observe and hear via audio and
video recording the events that were to transpire.  The officer then directed
the informants to contact appellant; one informant made a phone call and
indicated that appellant was on his way to the location and set to arrive in
approximately fifteen minutes in a maroon-colored sport-utility vehicle.  Other
officers set up surveillance at the convenience store.  

The officer observed a maroon sport-utility vehicle arrive
at the convenience store about twenty minutes after the informant made the
phone call; one of the informants verbally indicated that appellant had
arrived.  Appellant drove the vehicle; a female passenger accompanied him. 
When the vehicle stopped, the informants entered the backseat of the vehicle. 
Via the recording device, the officer listened to the two informants inside the
vehicle negotiate with the male driver of the vehicle for a $300 purchase of cocaine;
after that transaction, the parties negotiated for a $100 purchase of cocaine. 
The officer testified as to his familiarity with the informants’ voices, based
on his previous dealings with them, and distinguished their voices from the
voices of the male driver, who participated in the sale of the narcotics, and the
female passenger in the vehicle, who engaged in “small talk.”  The officer
heard the occupants of the vehicle contemplate future narcotics transactions. 
The officer noted the informants had exited the vehicle and physically and
verbally indicated to the officers that the transaction had occurred.  The
officer observed appellant and the female passenger drive away in the vehicle.

The officer notified other officers, who were
following appellant’s vehicle, that the transaction had occurred.  Those
officers stopped appellant’s vehicle a short distance from the convenience
store and took appellant and the female passenger into custody and searched
them.  Inside the female passenger’s handbag, inside of appellant’s vehicle, officers
located $400 in bills whose serial numbers matched the serial numbers on the photocopied
bills.

The officer then met with the informants, who
produced a bag containing a substance compromised of small rocks that later
tested positive for cocaine weighing 4.44 grams.  The officer searched the
informants and found no other contraband or currency.  Later that day, at the
police station, the officer identified appellant as the driver of the maroon
vehicle.  The officer conducted a videotaped interview with appellant in which
appellant admitted participating in the narcotics transaction; the video recording
was entered into evidence and played for the trial judge.

According to the officer’s testimony, the informants
remained in his sight or custody from the time they met with him at the
convenience store through the completion of the narcotics transaction.  He claimed
to have maintained sight of the informants and appellant during the course of
the entire transaction, and he testified that the informants did not encounter
any other person besides appellant and the female passenger.  

The trial court found appellant guilty as charged. 
After finding an enhancement paragraph to be true, the trial court assessed
punishment at twenty years’ confinement for each charge.

Analysis

In a single issue, appellant claims the evidence is
insufficient to support his conviction for possession of a controlled substance
with intent to deliver.  According to appellant, none of the officers who
testified at trial witnessed appellant in possession of narcotics or conducting
a narcotics transaction.

A majority of the judges of the Texas Court of
Criminal Appeals have determined that “the Jackson v. Virginia legal-sufficiency
standard is the only standard that a reviewing court should apply in
determining whether the evidence is sufficient to support each element of a
criminal offense that the State is required to prove beyond a reasonable
doubt.”  Brooks v. State, 323 S.W.3d 893, 895 (Tex. Crim. App. 2010)
(plurality op.) (Hervey, J., joined by Keller, P.J., Keasler, and Cochran,
J.J.); id. at 913–15 (Cochran, J., concurring, joined by Womack, J.)
(same conclusion as plurality).  Therefore, in this case we will review the evidence
under the Jackson v. Virginia standard.  See Jackson v. Virginia,
443 U.S. 307, 319, 99 S. Ct. 2781, 61 L. Ed. 2d 560 (1979).  Under this
standard, we view the evidence in the light most favorable to the verdict.  Wesbrook
v. State, 29 S.W.3d 103, 111 (Tex. Crim. App. 2000).  The issue on appeal
is not whether we, as a court, believe the State’s evidence or believe that
appellant’s evidence outweighs the State’s evidence.  Wicker v. State,
667 S.W.2d 137, 143 (Tex. Crim. App. 1984).  The verdict may not be overturned
unless it is irrational or unsupported by proof beyond a reasonable doubt.  Matson
v. State, 819 S.W.2d 839, 846 (Tex. Crim. App. 1991).  The trier of fact “is
the sole judge of the credibility of the witnesses and of the strength of the evidence.” 
Fuentes v. State, 991 S.W.2d 267, 271 (Tex. Crim. App. 1999).  The
trier of fact may choose to believe or disbelieve any portion of the witnesses’
testimony.  Sharp v. State, 707 S.W.2d 611, 614 (Tex. Crim. App. 1986). 
When faced with conflicting evidence, we presume the trier of fact resolved
conflicts in favor of the prevailing party.  Turro v. State, 867 S.W.2d 43,
47 (Tex. Crim. App. 1993).  Therefore, if any rational trier of fact could have
found the essential elements of the crime beyond a reasonable doubt, we must
affirm.  McDuff v. State, 939 S.W.2d 607, 614 (Tex. Crim. App. 1997).

A person commits an offense if he knowingly
possesses, with intent to deliver, a controlled substance.  See Tex. Health & Safety Code Ann. §
481.112(A) (West 2010).  Cocaine is a controlled substance.  See id. §
481.102(3)(D).  “Possession” means “actual care custody, control or
management.”  Id. § 481.002(38) (West 2003 & Supp. 2009).  To prove
unlawful possession of a controlled substance, the State must establish that
the accused (1) exercised care, control, or management over the contraband, and
(2) knew the substance was contraband.  Poindexter v. State, 153 S.W.3d
402, 405 (Tex. Crim. App. 2005).  The elements of possession may be proven
through direct or circumstantial evidence, although the evidence must establish
that the accused’s connection with the substance was more than fortuitous.  Id.
at 405–06.  Evidence must link the accused to the offense so that one
reasonably may infer that the accused knew of the contraband’s existence and
exercised control over it.  Hyett v. State, 58 S.W.3d 826, 830 (Tex.
App.—Houston [14th Dist.] 2001, pet. ref’d).  

When contraband is recovered from a place other than
the accused’s person or a place over which the accused did not have exclusive
possession, the State must prove the accused’s knowledge and control over the
contraband by demonstrating a “link” between appellant and the contraband.  See
Utomi v. State, 243 S.W.3d 75, 79 (Tex. App.—Houston [1st Dist.] 2007, pet.
ref’d).  We consider under the totality of the circumstances whether the
accused is linked to the contraband by independent facts and circumstances that
connect appellant to the contraband.  See Hyett, 58 S.W.3d at 830.
 

Courts have identified a non-exhaustive list of
factors that may help show an accused is linked to a controlled substance,
including (1) the accused’s presence when a search is conducted, (2) whether
the contraband was in plain view, (3) the accused’s proximity to and the accessibility
of the narcotic, (4) whether the accused was under the influence of narcotics
when arrested, (5) whether other contraband or narcotics were found in the
accused’s possession, (6) any incriminating statements the accused made when
arrested, (7) whether the accused made furtive gestures or attempted to flee, (8)
any odor associated with the contraband, (9) the presence of other contraband
or paraphernalia, (10) the accused’s ownership or right to possess the place
where the contraband was found, (11) whether the place where the contraband was
found was enclosed, (12) whether the accused was found with a large amount of
cash, and (13) whether the conduct of the accused indicated consciousness of
guilt.  See Evans v. State, 202 S.W.3d 158, 162 n.12 (Tex. Crim. App.
2006) (discussing “affirmative links,” which is legal jargon for the large
variety of circumstantial evidence that may establish a knowing possession of
contraband); Roberts v. State, 321 S.W.3d 545, 549 (Tex. App.—Houston
[14th Dist.] 2010, no pet.) (“[P]resence or proximity combined with other
direct or circumstantial evidence (e.g. ‘links’) may be sufficient to establish
the elements of possession beyond a reasonable doubt.”).  We also have
considered the presence of a large quantity of contraband as a factor linking
an appellant to the contraband.  See Olivarez v. State, 171 S.W.3d 283,
292 (Tex. App.—Houston [14th Dist.] 2005, no pet.).  The number of factors
present is not as important as the logical force the factors create to prove
the accused knowingly possessed the controlled substance.  Roberson v. State,
80 S.W.3d 730, 735 (Tex. App.—Houston [1st Dist.] 2002, pet. ref’d).

“Deliver” means to transfer, actually or
constructively, a controlled substance to another.  See Tex. Health & Safety Code Ann. §
481.002(8) (West 2003).  Intent to deliver a controlled substance can be proven
through circumstantial evidence, such as the quantity of the narcotics possessed
or evidence that an accused possessed the contraband. Patterson v. State,
138 S.W.3d 643, 649 (Tex. App.—Dallas 2004, no pet.).  “Intent can be inferred
from the acts, words, and conduct of the accused.”  Patrick v. State,
906 S.W.2d 481, 487 (Tex. Crim. App. 1995).  Expert testimony by an experienced
law enforcement officer, as utilized in this case, may be used to establish an
accused’s intent to deliver.  See Mack v. State, 859 S.W.2d 526, 529
(Tex. App.—Houston [1st Dist.] 1993, no pet.).  

Appellant asserts that the officers did not see him
in possession of the narcotics and did not witness him participating in the
narcotics transaction.  The evidence reflects that the informants, who
facilitated the transaction, were searched before their meeting with appellant
and had no contraband in their possession before meeting with appellant.  According
to the officer’s testimony, the informants had purchased narcotics from
appellant in the past, and the informants arranged to meet appellant at a
specific location at which appellant was to sell narcotics to them; appellant
arrived at that pre-arranged location in the anticipated vehicle shortly after an
informant contacted him.  An officer observed the two informants enter
appellant’s vehicle and heard via the transmitter the occupants of the vehicle
first negotiate a narcotics transaction for $300 and then a narcotics
transaction for $100.  The officer heard the entire exchange and could discern
the informants’ voices from that of appellant’s, the only other male voice the
officer heard via audio recording during the transaction.  The officer
maintained sight of the informants throughout the entire transaction; afterward,
the informants indicated that the transaction had been completed.  The
informants did not encounter another person before handing over the bag
containing crack cocaine to the officer.  Officers also recovered $400 from
inside appellant’s vehicle; the serial numbers on these bills matched the
serial numbers of the photocopied bills given to the confidential informants before
the transaction.  In the videotaped interview at the police station, appellant
admitted participating in the narcotics transaction.  These factors, especially
when combined, can be considered evidence of appellant’s possession and
knowledge of the presence and nature of the contraband and his control over the
contraband; this evidence amply supports the trier-of-fact’s conclusion in that
regard.  See Evans, 202 S.W.3d at 166.

Although the currency was found inside the female passenger’s
handbag, the trial court, as trier of fact, was not required to believe that
the money belonged to the female passenger, especially in light of appellant’s
videotaped interview, in which appellant admitted both his participation in the
narcotics transaction and his ownership of the vehicle.  See Roberts,
321 S.W.3d at 549–50 (concluding evidence was sufficient when contraband was
found inside a jacket belonging to the accused’s wife that was inside a vehicle
owned by the accused and his wife and when the accused made incriminating statement
about possessing the contraband).  Moreover, the trier of fact reasonably
could have inferred that the currency inside the handbag was well within
appellant’s reach from the driver’s seat.  See id. at 551. 

The evidence establishes sufficient facts and
circumstances linking appellant to the crack cocaine, thus showing appellant’s possession,
knowledge of and control over it.  See Poindexter, 153 S.W.3d at 405. 
After viewing the evidence in the light most favorable to the verdict, we
conclude that a rational trier of fact could have determined that appellant
exercised actual care, custody, control or management over the cocaine and then
intended to deliver the crack cocaine.  See Evans, 202 S.W.3d at 166; Utomi,
243 S.W.3d at 80, 83 (involving sufficient evidence that an informant purchased
crack cocaine from a defendant in a controlled buy).  Accordingly, the evidence
is sufficient to support appellant’s conviction.  See Utomi, 243 S.W.3d
at 80, 83.  We overrule appellant’s sole issue.

The trial court’s
judgment is affirmed.

 

                                                                                    

                                                                        /s/        Kem
Thompson Frost

                                                                                    Justice

 

 

 

Panel consists of Chief Justice Hedges
and Justices Frost and Christopher.

Do Not Publish — Tex. R. App. P. 47.2(b).

 









[1]
Appellant was also convicted of assault, but he does not challenge the assault
conviction in this appeal.